UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Tina Lewallen, | § | Civil Action No. 1:05CV0733 |
|        Plaintiff, | § | |
| vs. | § | |
| | § | |
| The City of Beaumont, | § | |
|        Defendant. | § | **A Jury Is Demanded** |

## Plaintiff's Motion to Exclude Witnesses
## As Untimely Designated

Last week (after the close of discovery), the City "identified" a total of 275 people in its "Fourth Supplemental Disclosure and Proposed Witness List." *See* Ex. A. The plaintiff asks the Court to limit the witnesses the City is allowed to call at trial to the 17 individuals who were timely and properly designated. *See* Fed. R. Civ. P. 37(c)(1) ("a party that fails to provide information or identify a witness as required by Rule 26(a) ... is not allowed to use that information or witness ... at a trial, unless the failure was substantially justified or is harmless."). Because the City has no justification, let alone a substantial one, for designating these 275 witnesses on the eve of trial, Rule 37 mandates that those not previously identified be excluded from the trial.

### The Untimely Designation of 275 Prospective Witnesses

The City offers no reason for why it decided a month before trial that its ability to defend against the plaintiff's claims could require that it call almost 300 people to the witness stand. But, on February 15, 2008, the City identified "essentially all past and present officers of the Beaumont Police Department who were employed at any time during Plaintiff's employment" as prospective witnesses in this case. Ex. A at 1. The list includes 185 Grade I officers, 40 Grade II

sergeants, 15 Grade III lieutenants, 3 Grade IV captains, and 30 other individuals. The belated designation is a misuse of the Federal Rules.

## The Witnesses Timely Designated by the City

In its initial and its timely supplemental disclosures, the City identified 17 individuals as people likely to have discoverable information that it may use to support its claims or defenses. They are Tina Lewallen, Weldon Dunlap, Sue Dismukes, Lt. Charles Baird, Faye Rollins, Lt. Mark Pierce, Lt. Ken Spitzer, Chief Frank Coffin, Chief Tom Schfield (Retired), Lt. Tyler, Lt. Karen Froman, Lt. Pat O'Quinn (Retired), Lane Tiner, Keith Breiner, Randy Stevens, Shawn Tolley, and Capt. Melissa Ownby.[1] See Ex. B, C, and D.

## The Appropriate Sanction for This Discovery Abuse

Information not provided in discovery should be excluded from evidence unless the disclosing party can establish that the failure to disclose was either harmless or justified. Fed. R. Civ. Pro. 26(a)(1), 37(c)(1). FRCP 37(c)(1). If a party fails to disclose the identities of witnesses the party may use to support its claims or defenses, those witnesses may not be called to testify at trial unless there is substantial justification for the failure to disclose and the failure to disclose is harmless. *Id*. As the Advisory Committee noted, this automatic sanction "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Fed. R. Civ. P. 37(c) Advisory Committee Note (1993). *See, e.g., Sierra Club, Lone Star Chapter v. Cedar Point Oil Company Inc.,* 73 F.3d 546, 572 (5th Cir.) (discussing a district court's decision to strike expert testimony), *cert. denied,* 519 U.S. 811 (1996).

---

[1] The City included the statement, "Any police specialist named on the attached chart who has not been previously named," in its Third Supplemental Disclosure, but did not provide any of the other information mandated by Rule 26(a)(1)(A).

Here, the City cannot offer any justification, much less a substantial one, as to why it waited until after the close of discovery to inform the plaintiff that it may call almost 300 previously-unnamed individuals to testify at the trial.[2] The plaintiff has neither the time nor the resources to take the depositions of so many previously undisclosed individuals. The City should therefore not be allowed to call any witness other than the 17 individuals it timely named – limited, of course, by the City's description of the subject of the information known to each individual.

## Conclusion

The plaintiff suggests sanctions that are appropriate to the nature of the defendant's conduct. As there is no justification, much less a substantial one, as to why it should be permitted to name "essentially all past and present officers of the Beaumont Police Department" as witnesses on the eve of trial, all but 17 of them should be excluded. The plaintiff further requests an award of fees necessitated by having to seek this relief from the court.

Respectfully submitted,

/s/ Margaret A. Harris
Margaret A. Harris*
State Bar No. 09081400
1007 Heights Boulevard
Houston, Texas  77008
(713) 526-5677
(713) 526-5691 Fax

*Attorney in charge for the plaintiff

Thomas A. Peterson
State Bar No. 15842900

---

[2] Indeed, the City has previously mocked the plaintiff's estimate that it could take a week to try the case – an estimate that was made on the then-known possible witnesses.

> 595 Orleans, Suite 1111
> Beaumont, Texas 77701
> (409)838-6144
> (409)838-4421 Facsimile

**Certificate of Conference**

    I certify that, on February 21, 2008, I attempted to reach Mr. Joseph Sanders, lead counsel for the City of Beaumont, to discuss his naming of almost 300 individuals as people he may call to testify at trial – and to ask whether he would agree that he would not call them, thus obviating the need to file this motion. Mr. Sanders, however, was not available to take my call. Given the fact that he obviously spent a great deal of time preparing this untimely "disclosure" of almost 300 people, however, I believe he would state that he is opposed to the relief the plaintiff seeks herein.

> /s/ Margaret A. Harris

**Certificate of Service**

    I certify that a true and correct copy of this document has been served upon all counsel on February 22, 2008, because they are registered users of the Court's electronic filing system and this document is being filed by electronic filing with the U.S. District Court for the Eastern District of Texas.

> /s/ Margaret A. Harris