UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Tina Lewallen, | § | Civil Action No. 1:05CV0733 |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| The City of Beaumont, | § | |
| Defendant. | § | **A Jury Is Demanded** |

### Plaintiff's Responses to Defendant's Motion in Limine

The plaintiff, Tina Lewallen, submits her responses and objections to the City's Motion in Limine. Because many of the items requested by the City are stated in broad generalities, and the City provides no legal authority in support of its theories, the plaintiff has had to exercise independent judgment to assess what the City means. If the City changes or clarifies and of these items, the plaintiff reserves the right to voice other objections.

The City's motion in limine contains 75 separately listed components. Many are repetitious and the responses below will over lap and pertain to other items. The plaintiff presents her responses to only those items in the City's list with which she disagrees (to the extent she understands the City's language). These responses are stated in the numerical order followed by the City in its motion.

Item 5. The defendant seeks to exclude evidence of the plaintiff's numerous attempts pre-June 2003 to get a detective's position.

As a general note, the wording of some of the defendant's requests in item 5 make it unclear just how much it wants to exclude. The defendant uses the phrase "any claims," but the plaintiff is unsure exactly what that means. If "claim" means a cause of action, the plaintiff assures both the City and the Court that she will limit her request for damages to the time period appropriate to each cause of action.

As for the more substantive matters, a city is liable for violations of the Equal Protection clause when its actions were carried out pursuant to a governmental custom, policy or practice; it is not automatically responsible for isolated unconstitutional acts of its employees. *Monell v. Dept of Social Services*, 436 U.S. 658, 691 (1978).[1] If the Court limits the testimony as the City requests, it will guarantee that the City will can successfully argue that the plaintiff failed to prove that the City had any "custom, policy or practice" of discriminating against female officers. If the plaintiff's evidence is limited to only her attempts to transfer to a detective position from prior to June 2003 (or November 3, 2003), the City can argue that the plaintiff proved no more than "isolated unconstitutional acts," which is generally insufficient to establish a "custom, policy or practice."

Furthermore, evidence of time-barred events are routinely held admissible. *Cortes v. Maxus Exploration Co.*,  977 F.2d 195, 199 -200 (5th Cir. 1992) (collecting Fifth Circuit cases); *see also Downey v. Southern Natural Gas Co.*, 649 F.2d 302, 305 (5th Cir.), *reh'g denied*, 656 F.2d 704 (5th Cir.1981) (" '[w]hile some or most of this evidence may concern time-barred conduct, it is relevant, ... and may be used ... to illuminate current practices which, viewed in isolation, may not indicate discriminatory motives.' ").

The plaintiff is not seeking damages for acts outside the limitations period. The Supreme Court has likewise recognized that, although time-barred acts themselves can create no present legal consequences, they "may constitute relevant background evidence in a proceeding in which

---

[1]The City has noted to the Court on several occasions that proof of a claim under 42 U.S.C. § 1983 requires proof that an official policy or custom of the City was the cause of the plaintiff's damages. *See, e.g.*, Dkt. 115 at 27. And, as the City asks the Court to instruct the jury, "[a] city is liable for the deprivation of a constitutional right if the deprivation was pursuant to governmental custom, policy, ordinance, regulation or decision." *Id*. at 28.

the status of a current practice is at issue." *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977).

Finally, the defendant makes incorrect assertions regarding "any fact question in this case." The fact questions are not so limited as the defendant would hope. Numerous fact questions remain relating to the plaintiff's 1983 claim, her claim under the Texas Labor Code, and the amount of the her damages. Moreover, the City assumes a state of facts not in evidence – that "the Chief of Police" made the decision to not transfer her.

<u>Item 6.</u> The defendant seeks to exclude evidence that other police officers have sued the police department for discrimination. And, going further, it wants to preclude any evidence whatsoever that it exhibited a pattern of discrimination. Please refer to the plaintiff's response to item five for discussion of §1983 liability for custom, practice, and policy. Also, there is no per se rule that evidence of this nature is automatically excluded. *See Sprint v. Mendelsohn*, 128 S.Ct. 1140 (2008). Instead the court must engage in a "fact-intensive, context-specific inquiry" to decide whether the probative value of evidence that a defendant's discriminatory culture is substantially outweighed by the potential prejudice. *Id.* at 1147. Applying a per se rule excluding evidence of this nature would be an abuse of discretion. *Id.*

<u>Item 8.</u> The defendant once again asks the court to exclude evidence of a lawsuit against the City for gender discrimination against a police officer. Again, the plaintiff directs the court to the plaintiff's response to item five for discussion of §1983 liability for custom, practice, and policy. This is precisely the kind of evidence that can show a jury the existence of a widespread, unspoken custom of gender discrimination.

Item 10.[2] The defendant seeks to exclude references to the testimony of people who will not appear as witnesses. The plaintiff is unsure exactly what this means. If the defendant would like to be more specific, perhaps the plaintiff can agree to this exclusion, but as it is the plaintiff can neither agree nor disagree. The plaintiff notes that, as written, this request could improperly exclude testimony that is found to be non-hearsay or that which falls within a hearsay exception.

Item 11. The defendant seeks to exclude lay opinion testimony about whether the plaintiff was subjected to discrimination. If granted, this item would unfairly limit the plaintiff's ability to prove her case with circumstantial evidence and would run counter to FRE 602 and 701, which spell out the range of permissible lay opinion testimony. As long as the lay witness has personal knowledge of the events to which she will testify, she is free to testify about her subjective beliefs of discrimination. *Koppman v. South Central Bell Telephone*, 1992 WL 280793 at *7 (E.D. La. July 12, 1992). Furthermore, gender bias is not typically worn on one's sleeve, which means that evidence of discrimination often lies in "subjective evaluations of body language, tone of voice, facial expressions, the nature of the office atmosphere, and other inferences from non-verbal conduct." *Ware v. Unified School Dist.*, 881 F.2d 906, 912 (10th Cir. 1989).

As a general matter, the Fifth Circuit and other courts have held that a witness may testify about another person's state of mind. *See, e.g., Hansard v. Pepsi-Cola Metropolitan Bottling Co.*, 865 F.2d 1461 (5th Cir. 1989). And police officers in particular have the proper personal knowledge to offer lay testimony about hidden motivations such as discrimination. *See,*

---

[2] This request appears to be repeated in Item 44, below.

*e.g., U.S. v. Woolery*, 670 F.2d 513, 515 (5th Cir. 1982) ("Conduct innocent in the eyes of the untrained may carry entirely different messages to the experienced or trained observer.")

Item 14. The defendant asks the court to preemptively exclude testimony from other people about the discrimination they faced at the hands of the defendant.

Again, the plaintiff directs the court to the plaintiff's response to item five for discussion of §1983 liability for custom, practice, and policy. The defendant is trying to keep the plaintiff from proving her §1983 claim.

The plaintiff also refers the court to her response to item 6 for a discussion about the Supreme Court's ruling in *Mendelsohn* that per se rules should not be applied to testimony from employees about a company wide culture of discrimination. The Court in *Mendelsohn* further noted that a narrow definition of "similarly situated" is not always appropriate depending on the context. 128 S.Ct. at 1146. The problem of gender discrimination in the Beaumont Police Department arises in many, many contexts. Some instances arise from the denial of a transfer to a detective position. Others arise from disparate treatment of absences, responses to complaints, and performance evaluations.

One of the cases cited by the defendant is *Wyvill*, but that case predated *Mendelsohn*. That decision also arose under the ADEA, where proof of a custom, policy or practice is not required. Again, *Mendelsohn* stressed that each case is different so evidentiary rulings from other decisions are not controlling here.

The plaintiff's analysis of lay opinion testimony in response to item 11 is also relevant in response to this item. A witness' subjective belief arising from her personal experiences and perceptions can be admitted.

The plaintiff agrees with the defendant that such testimony "would be highly prejudicial to [the City]," evidence that is prejudicial to an opposing party is precisely what those parties need. Evidence that is excludable must be, at a minimum, "unfairly prejudicial."

Item 15. If the plaintiff understands this request, the City wishes only to preclude her from making any suggestion that the City's interviews of or contacts with fact witnesses was purposefully harassing or retaliatory, the plaintiff does not object. If, however, the defendant seeks to limit testimony about the interviews or contacts with witnesses, or the lack thereof, the plaintiff disagrees. The City purports to have investigated Detective Lewallen's complaint of gender discrimination, which she presented to the HR Department in November and December 2003. The quality, or lack thereof, of that investigation is relevant to the credibility of the City.

Item 16. The defendant asks the court to exclude testimony about missing documents. This is an inappropriate request given the facts in this case. Here, we have testimony that a City employee was instructed by her supervisor to destroy the notes she took during her investigation of the plaintiff's internal complaint of gender discrimination. And, if indeed there ever was any paperwork purporting to provide an objective analysis of the candidates for the various detective positions, such is also missing in action. Given the defendant's obligation under the law to retain such documents,[3] their absence in this case is appropriately noted to the jury.

The plaintiff, in fact, requests a jury instruction on spoliation – to notify the jurors that they are entitled to infer that the documentary evidence purposefully destroyed by the defendant must have been harmful to the defendant's position. If it was the defendant's fault that

---

[3] 29 C.F.R. § 1602.14 (employment records on promotions, including "application forms and other records having to do with promotions" must be preserved for one year; if an EEOC charge has been filed, records relevant to the charge must be preserved until final disposition of litigation); Tex. Local Gov't Code § 202.002 (records on a subject matter which the local government knows to be in litigation may not be destroyed until the litigation is settled)

documents are missing, the plaintiff should not be punished by having to prove the content of non-existent documents or by being outright precluded from mentioning the defendant's intentional destruction of relevant documents.

Regardless of whether the Court grants the adverse instruction, the jury is entitled to hear testimony concerning the destruction of the documents because that would be relevant to the credibility and reliability of the destroying party. *Anderson v. Production Mgmt Corp.*, 2000 U.S. Dist. LEXIS 5696, 12-13 (E.D. La. April 26, 2000) (*citing Vick  v. Tex. Employment Com'n*, 514 F.2d 734, 757-758 (5th Cir. 1975)). The plaintiff is entitled to comment on the destruction, as well as the lack of any contemporaneous documentation purporting to demonstrate that the selection decisions at issue, or any one of them, were made on objective factors.

Item 17. The plaintiff can agree to this request only to the extent that the defendant seeks to exclude documents the plaintiff was obligated to produce under Fed. R. Civ. Pro. 26 and/or in response to a proper discovery request.

Item 18. This request to exclude certain lay opinion testimony duplicates the request in item 11. Please see the plaintiff's response to item 11.

Item 20. The defendant seeks to exclude "testimony regarding discipline occurring after December 17, 2003." If the defendant argues that the plaintiff should be precluded from offering evidence that most, if not all, transfers of Grade I officers from CID to Patrol arise from then-current or threatened disciplinary actions against said Grade I officer. Some of the examples of this fact occurred after December 17, 2003. Acts taken subsequent to any one particular decision are not excludable per se. The defendant offers no example or argument of what it means by this

request, and the plaintiff is unable to grasp the contours of this request as written. Therefore, she can neither agree nor disagree to the relief sought by the defendant.

Item 21. The defendant seeks to exclude "complaints" about city employees who were not involved in making "material decisions" regarding the plaintiff's application for a detective position with the Special Crimes Unit in October/November 2003. It does not define what it means by "material decisions." Further, please refer to the plaintiff's response to item five for discussion of §1983 liability for custom, practice, and policy. The defendant is trying to keep the plaintiff from proving her §1983 claim. Unlike other §1983 claims available under the law, the plaintiff's claim does not revolve around the acts of one policymaker, but rather, focuses on the customary practice of discrimination within the police department. Such a widespread custom necessarily involves the actions and statements of individuals beyond those the defendant claims were "involved in making the 'material decisions.'"

Item 22. The defendant asks the court to proscribe evidence that draws comparisons between how long it took males and, in comparison, how long it took females to be accepted into a detective's position within CID. Given the fact that the City has not confessed that it has a custom, policy and/or practice of discriminating against its female officers, the plaintiff must resort to circumstantial evidence to meet her burden of proof. While circumstantial evidence is every bit as reliable and convincing as direct evidence, the City attempts to prevent the jury from seeing the circumstantial evidence. Further, please see the plaintiff's response to item five for discussion of §1983 liability for custom, practice, and policy. The defendant is trying to keep the plaintiff from proving her §1983 claim.

This request would also unfairly hamstring the plaintiff's efforts to prove discrimination under the Texas Labor Code. Why shouldn't the plaintiff be allowed to make comparisons

between the treatment of men and women in the police department? This kind of evidence is central to gender discrimination claims: the disparate treatment of female employees when compared to male employees. Evidence of discrimination is damaging to the City's case, no doubt, but that does not make it *unfairly* prejudicial.

Item 23. The defendant seeks to exclude evidence of decisions made by Chief Dunlap. First of all, the evidence clearly shows that Dunlap made certain decisions that were relevant to this case. The defendant provides no good reason to exclude such evidence. Second, the defendant misunderstands the type of §1983 claim being made. This is not a "policymaker" case as that term is understood in §1983 jurisprudence. At the risk of repeating herself, this is a case alleging a widespread, tacitly accepted custom of gender discrimination within the Beaumont Police Department and the City of Beaumont. And, while Chief Dunlap is certainly implicated in many of the decisions that will form the basis of the plaintiff's evidence, it is not his conduct alone that shows that the City has a custom, policy or practice of gender discrimination. He is just one of the more obvious examples of a bias against female police officers.

The labor agreement says whatever it says. That does not mean the plaintiff can be denied the opportunity to present her evidence. As common sense and case law advises us, parties do not always act in accordance with whatever is written on a piece of paper. If they did, no employer with a politically-correct statement of an EEO policy could ever be found liable under either federal or state law.

Item 24. Tellingly, the defendant does not offer any reasoning, legal or otherwise, to justifiably exclude evidence of the existence that Grade I officers in CID units are typically referred to as "detectives." The police station is rife with such evidence – in the form of the business cards used by the detectives, the nameplates on the doors of the detectives, and the

press releases issued by BPD. The evidence that Grade I officers filling investigative positions within CID are regarded as "detectives" is evidence that the denial of such a position is an adverse employment action. As the defendant knows by now, the plaintiff will be offering direct evidence that "detective" positions are recognized in the police department. This evidence is not controversial or unfairly prejudicial in any manner; it just contradicts the defendant's story. But, that is no reason to exclude it.

Item 25. There is no legal basis for excluding evidence of events that occurred after the plaintiff filed her charge of discrimination. The plaintiff was not required to file any "charge of discrimination" to pursue her rights under the U.S. Constitution. Nor is she required to file any such charge with any federal or state agency when a discriminatory or retaliatory act takes place subsequent to the filing of the initial charge of discrimination under the Texas statute. *Gupta v. East Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir.1981); *Elgaghil v. Tarrant County Junior College*, 45 S.W.3d 133, 142 (Tex. App.–Ft. Worth Sep. 28, 2000)("double filing ... would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII.")

And, subsequent conduct by the employer is relevant and probative of an actor's disposition or policy on a prior date. *See* 2 Wigmore on Evidence §§382, 437 (Chadbourn Rev. 1979). Many courts have applied this principle in employment discrimination cases, recognizing that subsequent conduct may prove discriminatory motive in a prior employment decision. *See, e.g., Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 577 (5th Cir. 2003); *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973) (observing that an employer's actions after the date of an adverse employment decision may be probative of the employer's intent at the time of the decision).

Otherwise, clearly relevant evidence would be arbitrarily excluded; for instance, a plaintiff in a race discrimination case would then be precluded from producing evidence that the week after he was fired, a white employee escaped discipline for the exact same conduct. The focus must remain on whether the evidence is relevant to demonstrate that discrimination played a role in the decision, and that determination is not served by a bright-line temporal restriction.

*Freeman v. Madison Metro. Sch. Dist.*, 231 F.3d 374, 382 (7th Cir. 2000).

Item 26. The plaintiffs agrees that she will not seek damages for discriminatory events that occurred outside the statute of limitations.

Item 27. The defendant seeks to exclude evidence of "any claim for relief" from actions that do not constitute "adverse employment action[s]." Again, the plaintiff agrees that she will not seek monetary damages for either time-barred or non-compensable injuries. For example, she will not seek to recover damages for the City's disparate treatment of her versus a male officer with regard to not properly stating an intended absence in the proper books. But, the evidence is clear that the denial of a detective's position to a Grade I Specialist is an adverse employment action – and the plaintiff seeks damages for having been so denied. The defendant's motion thus makes no sense.

Item 28. The defendant seeks to exclude expert testimony from being provided from anyone not properly designated as an expert. The plaintiff will abide by the federal rules of civil procedure.

Item 29. The defendant seeks to exclude evidence of "disparate treatment" in the imposition of discipline. But, unequal application of disciplinary rules is evidence of pretext and discrimination. *See, e.g., Russell v. McKinney Hosp. Venture, 235* F.3d 219 (5th Cir. 2000) (reversing grant of employer's motion for judgment as matter of law based in part on evidence that employer had not followed its progressive discipline policies). The unequal treatment that

constitutes evidence of discrimination need not be in and of itself actionable under the law.

Circumstantial evidence is just that. The defendant should not be allowed to prevent the plaintiff

from proving her case through the admissible evidence of her choice.

Item 30. The defendant apparently seeks to exclude any testimony about the plaintiff's

mental anguish damages from anyone who is not a "professional." The plaintiff's analysis of lay

opinion testimony in response to item 11 is relevant in response to this item. A witness'

subjective belief arising from her personal experiences and perceptions can be admitted under

FRE 602 and 701.

Item 31. This request is repetitious of prior requests. Please see the plaintiff's responses

to, for example, items 29, 28, 20, 18, 14, 6, and 5.

Item 32. The defendant seeks to exclude evidence of "stray comments." It does not

identify any particular anticipated testimony by any particular witness about any particular

remark made by any particular person. It is difficult to understand what the defendant is getting

at, but rest assured that the plaintiff will abide by the federal rules of evidence. To the extent the

defendant is trying to impose requirements beyond that, the plaintiff objects.

To say that evidence of whatever the City is characterizing as "stray remarks" must be

excluded is an incorrect statement of the law as to statutory causes of action – under Title VII or

the Texas Labor Code, for example. *See Ash v. Tyson Foods, Inc.*, 126 S.Ct. 1195, 1197 (2005);

*Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 151-53 (2000); *Arismendez v. Nightingale*

*Home Health Care, Inc.*, 493 F.3d 602, 607 (5th Cir. 2007) (courts are to look to "who actually

made the decision or caused the decision to be made, not simply to who officially made the

decision...[I]f the evidence indicates that the worker possessed leverage, or exerted influence,

over the titular decision-maker," the worker's discriminatory animus may be attributed to the employer.)

Second, the plaintiff's cause of action under the Equal Protection Clause of the fourteenth amendment requires proof that there is a custom, policy or practice within the Beaumont Police Department of gender discrimination. If management of the Department utters, or tolerates the utterance of, statements indicative of gender bias, such evidence is relevant to the showing of that custom, policy or practice.

Item 34. The defendant asks the court to exclude evidence of the effect the defendant's actions has had on her marriage. The plaintiff is not subject to a heightened pleading standard for her emotional damages. Therefore, a simple claim of emotional damages encompasses damages for marital discord and other mental disruptions caused by the defendant's illegal acts. In proving these damages, the plaintiff is free to present her own testimony, as well as opinion testimony from witnesses meeting the standards in FRE 602 and 701.

Item 37. This request concerns statements the plaintiff may make to the jury. The City does not describe with any particularity whatsoever what it means by an "impassioned or prejudicial plea" that tends to "evoke a sense of community loyalty, duty, and expectation." Without specificity, the plaintiff cannot abide by any ruling that would grant this request. But, the plaintiff will assuredly follow the rules of evidence in this regard. No preliminary exclusion is needed.

Item 38. The plaintiff agrees that it would be improper for her to provide any testimony that her counsel has represented other female police officers – and that it would also be improper to note that, in those cases, the jury rendered a verdict favorable to the plaintiff. Any references to other parties represented by counsel would be inappropriate. If this is what the defendant

13

means by this request, the plaintiff does not disagree. As the plaintiff is unaware of any other parties represented by defense counsel, she will not mention such representation. If, however, the defendant seeks by this request to backdoor any mention of the fact that it has been sued on other occasions for gender discrimination, the plaintiff would note that the request is inappropriate, as discussed previously.

Items 41 and 42. These requests concern evidence about the defendant's discovery responses. One of the ultimate purposes of making discovery requests is to get evidence and, when appropriate, to advise the jury of that evidence. Further, admissions in discovery are considered by the courts to be evidentiary admissions. The City has not, and cannot, cite to any legal authority in support of the argument that the evidence obtained by the plaintiff in discovery is not something that the jury can consider. While it may wish it were so, the Rules of Evidence do not support the argument that the jury should not hear that the City admitted certain facts, made statements in depositions or other discovery responses, or for having responded one way or another to discovery requests.

In this case, as set forth in various pending motions, the defendant was dilatory and uncooperative when it came to its obligations under the Federal Rules of Civil Procedure to properly and fully respond to the plaintiff's discovery requests. The testimony it presented pursuant to its deposition under Rule 30(b)(6), for example, is not excludable simply because the City now regrets its admission that, without objective factors governing the selection process, subjective opinions, including sexism and racism, could have easily influenced the various outcomes.

Further, the defendant did not properly provide verification statements for its interrogatory answers, which means the plaintiff has no way of determining which individual

14

provided what information it gave the plaintiff in response to any particular interrogatories or other discovery requests.

Evidence that the defendant gave contradictory or incomplete responses to discovery may be prejudicial, but the question under the rules of evidence is whether it is *unfairly* prejudicial. This type of prejudice would not be unfair because it would hold the defendant accountable for the information it provided, or failed to provide, during the discovery phase of this litigation.

Item 43.  This item concerns evidence of the defendant's intentional destruction of documents, as well as the non-existence of documents. Please refer to the plaintiff's detailed response to this argument above in her response to item 16. Juries are entitled to hear evidence concerning the intentional destruction of relevant evidence by the defendant at a time when the defendant had clear notice of their relevance to pending litigation.

Item 44. The plaintiff will agree not to mention the potential testimony of unavailable or absent witnesses – unless the evidence is admissible as non-hearsay, or as an exception to the hearsay rule under the Rules of Evidence – so long as the City makes the same agreement. If the City intends by this request to preclude the plaintiff from offering testimony that is admissible under the Federal Rules of Evidence, however, the plaintiff is not willing to agree to the request.

Item 47. The request to exclude evidence of "any legal actions involving non-party witnesses" is too broad. Evidence that other female police officers have brought gender discrimination lawsuits against the Police Department is admissible to show the City's custom, policy or practice of that discrimination – and its unwillingness to correct a problem with which it has been faced for over a decade. This evidence is relevant to the plaintiff's claims of a pattern and practice of gender discrimination. Again, the plaintiff directs the court to the plaintiff's earlier discussions about proof of liability under §1983.

Item 50. The City apparently asks that the plaintiff be precluded from mentioning any co-worker, supervisor, or other individual at any point in this litigation without first approaching the bench. There is neither any legal nor any logical support for this request.

Item 51. This request duplicates many other items in the defendant's motion. Please see the plaintiff's response to items 47, 29, 28, 20, 18, 14, 6, and 5. The plaintiff must be allowed to provide the jury with evidence proving her §1983 claim that gender discrimination is the custom, policy or practice of the City of Beaumont. And, there are no administrative remedies the plaintiff must exhaust under the Equal Protection Clause of the fourteen amendment to the U.S. Constitution. The defendant is repeatedly trying to claim that evidence of the defendant's prejudice against women is prejudicial. Well, it may be prejudicial and damaging, but that does not make it unfairly prejudicial.

Item 52. The plaintiff will abide by this request if the defendant does the same.

Item 53. The plaintiff will abide by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Item 54. The language of this request is too broad to be acceptable. If the defendant makes a more specific request, the plaintiff can respond appropriately. "Any...disposition of disputes" could mean disagreements the plaintiff voiced against male superiors for their discriminatory behavior, and the superior's subsequent response. Such evidence is clearly relevant and admissible.

Item 55. Perhaps this request was accidentally repeated. It is duplicated word for word at item 47 above. Please therefore see the plaintiff's response to item 47.

Item 56.  This request too is a repetition of an earlier item in the City's motion in limine. The request is so broadly worded it is difficult to understand what the defendant is getting at, but

rest assured that the plaintiff will abide by the federal rules of evidence. To the extent the defendant is trying to impose requirements beyond that, the plaintiff objects. The plaintiff asks the Court to refer to her earlier responses in opposition to this request.

Item 57. This is another request about lay opinion testimony. To the extent the defendant is simply restating the rules of evidence, the plaintiff will abide by all evidence rules. Please see the plaintiff's response to item 11.

Item 58. This is another request to exclude evidence of a culture of discrimination. The recent Supreme Court decision in *Mendelsohn* is controlling and holds there can be no per se exclusion of this evidence. Please see the plaintiff's responses to items 5 and 6.

Item 60. This item concerns the plaintiff's testimony about her mental anguish. The plaintiff agrees that she is not a medical expert and is therefore not qualified to "diagnose" herself. But, the plaintiff does not need an expert to testify to her own emotional damages – including the depression she suffered as a result of the defendant's unlawful conduct. Such evidence is factual and based on the plaintiff's own perceptions and experiences.

Items 61 and 62. The plaintiff agrees to follow the Federal Rules.

Item 63. This is another request about the word "detective." The defendant seems to suggest that a labor agreement between the city and the police officer's association supercedes the facts and federal rules of evidence. The City has not, and cannot, cite any legal authority in support of this request. And that is because the absence of a word in a particular document does not negate its existence in fact. Were that the case, any politically-correct policy that prohibited certain sexist or racist terms would operate to preclude any evidence that such terms were used in the workplace. While the City may now, for the convenience of this litigation, argue that there are no "detectives," the evidence is to the contrary. The plaintiff is entitled to show the jury that

17

the City's argument is without merit. The chips will fall where they may but there is no need for the court to foreclose any discussion of this issue.

Item 64. The defendant seeks to preclude the plaintiff from presenting evidence that she was denied a promotion. But there is no legal basis for this. The parties dispute whether detective positions in CID for Grade I Specialists are "promotions" from Patrol. With this request, the defendant seeks to preclude the plaintiff from presenting evidence in support of her side of this disagreement. There is no legal authority to support the defendant's request that the plaintiff be precluded from proving one of the central issues in her case.

The plaintiff will show that, for Grade I officers in Patrol, detective positions in CID are promotions. By repeatedly denying her a detective's position, the City caused her to suffer an adverse employment action. *See, e.g., Alvarado v. Texas Rangers*, 492 F.3d 605 (5th Cir. 2007) ("[W]e conclude that the denial of a transfer may be the objective equivalent of a denial of promotion, and thus qualify as an adverse employment action, even if the new position would not have entailed an increase in pay or other tangible benefits"). Whether an adverse employment action was taken is an objective inquiry, so a plaintiff is entitled to present the evidence at her disposal to shed light on the circumstances involved. *See id.* at 614 (relevant factors include: "whether the position: entails an increase in compensation or other tangible benefits; provides greater responsibility or better job duties; provides greater opportunities for career advancement; requires greater skill, education, or experience; is obtained through a complex competitive selection process; or is otherwise objectively more prestigious.)

Item 65. Asking the court to preclude evidence of police department policies simply because they have not been formally adopted by the governing body sweeps far too broadly. Again, this information is relevant to the plaintiff's claim that a widespread yet unofficial policy

18

of gender discrimination ran rampant within the City's police department. Please see the plaintiff's additional discussion of this issue at her response to item 5 above.

Item 66. The City seeks to limit the plaintiff's testimony about damages. A party's responses to discovery requests (with the exception of requests for admission) are evidentiary admissions, not judicial admissions. As the City provides no legal authority for the concept of turning that evidentiary admission into a judicial admission, the motion should be denied. The City will have the opportunity to cross examine the plaintiff should it believe that her testimony before the jury conflicts with information she provided in discovery.

Item 67. The defendant requests that the plaintiff be prohibited from denying she is "subject to" the referenced labor agreement. The plaintiff is somewhat confused by this request but she agrees that she will not deny being a member of the Beaumont Police Officers Association.

Item 68. The defendant once again tries to construct a narrow boundary around the plaintiff's case by prohibiting her from claiming anyone other that Chief Dunlap caused her any harm. But, she is not suing Chief Dunlap; she is suing the City of Beaumont for its discrimination against her and the custom, policy or practice that supported that discrimination. The ultimate question the jury will answer in this case is whether the City of Beaumont violated the plaintiff's rights under the Equal Protection Clause and/or the Texas Labor Code; the operative question is not what one management official did or did not do.

Presumably the defendant thinks its request to so narrowly limit the evidence is appropriate because the plaintiff's EEOC charge does not cite with specificity each piece of evidence upon which she relies. Yet the EEOC charge need not contain the universe of the plaintiff's allegations – it need not even be as specific as an Original Complaint under the

Federal Rules of Civil Procedure. The administrative charge is "construed liberally," and a civil rights plaintiff "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630-631 (8th Cir.2000); *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir.1995), *ovr'ld in part on other grounds, Burlington Northern v. White* 548 U.S. 53, 59 (2006)). The relief sought is wholly unsupported by the law and would exclude far too much relevant evidence.

Item 69. The defendant wants to preclude the plaintiff from making any statements that "conflict" with the labor agreement. This request is so broad the plaintiff could not begin to know how to comply. Who is going to decide what does and does not conflict with the labor agreement? Any issues concerning the scope and implications of the labor agreement are questions of law for the judge.

Furthermore, as the plaintiff has noted earlier in this response, the labor agreement does not supercede the federal rules of evidence.

Item 70 and 71. The defendant seeks to prevent the plaintiff from testifying that anyone other than the Chief of Police (1) had the final say on assignments or (2) discriminated against her. There is no support in the law for these requests. First, the evidence does not support the City's current, convenient assertion that the former Chief of Police made any independent determination of which individuals should be allowed to fill detective positions within CID. In fact, the evidence is to the contrary. Second, as discussed above, the operative questions in this case are whether the City of Beaumont violated the plaintiff's legal rights. Third, if the defendant wishes to cross-examine the plaintiff on the basis of what she said in her deposition, that goes to the weight, not the admissibility, of that testimony.

Item 72. Once again, the defendant would like to exclude any "pattern and practice" evidence" – unless it first has the power to veto each and every little piece of such evidence – circumstantial as well as direct evidence. There is no legal authority for this proposition. The City, like any other party, must allow the chips to fall where they may – so long as the evidence is admitted in accordance with the Rules. Such evidence is central to the plaintiff's custom, policy, and practice theory of municipal liability under §1983. Please see the plaintiff's response to item 5 for a more detailed analysis of the plaintiff's position.

Additionally, the procedure the defendant seeks impose prior to presentation of "pattern and practice" is unnecessarily obtrusive and time consuming. And, it provides the City with an opportunity to woodshed its witnesses if it has advance notice of how the plaintiff intends to use particular pieces of evidence at trial. It is the City, however, who should suffer the consequences of failing to anticipate cross-examination based on information and evidence produced in this litigation – not the plaintiff who, under this particular request, would be required to hand feed her trial strategy and work product to the City before each line of questioning.

Item 73. The defendant once more asks the court to exclude evidence of the defendant's treatment of other police officers. And the plaintiff once more refers the court to her response to item 6 for a discussion about the Supreme Court's ruling in *Mendelsohn* that per se rules should not be applied to testimony from employees about a company wide culture of discrimination.

Item 74. The defendant asks the court to preemptively exclude evidence that the defendant feels exceeds the substantive scope of the plaintiff's EEOC charge. Please see the plaintiff's response to Item 68, above. The defendant seems to have unrealistic and incorrect conceptions about what an EEOC charge must include.

Item 75. Finally, the defendant asks the court to preemptively exclude evidence of "statistical comparisons" between the assignments of men and women to detective positions within the police department. The defendant apparently misunderstood the assurances of plaintiff's counsel. Counsel has previously assured the Court, and the City, that she had not engaged the services of any expert statistician, and thus would not be offering the evidence and analysis available through only a witness with the proper training and credentials. But, she did not stipulate that the evidence would not be assessed from a common sense point of view at trial – which is testimony that can be elicited from any witness. There will be no testimony about standard deviations, means, or the like, but there may very well be analyses, charts, tables, and summaries – as demonstrative evidence or pursuant to FRE 1006.

## Conclusion

The plaintiff respectfully asks this Court to deny the preceding portions of the defendant's motion in limine.

Respectfully submitted,

/s/ Margaret A. Harris
Margaret A. Harris*
State Bar No. 09081400
1007 Heights Boulevard
Houston, Texas  77008
(713) 526-5677
(713) 526-5691 Fax

*Attorney in charge for the plaintiff

Thomas A. Peterson
State Bar No. 15842900
595 Orleans, Suite 1111
Beaumont, Texas 77701
(409)838-6144
(409)838-4421 Facsimile

22

## <u>Certificate of Service</u>

I certify that a true and correct copy of this document has been served upon all counsel because they are registered users of the Court's electronic filing system and this document is being filed by electronic filing with the U.S. District Court for the Eastern District of Texas.

<u>/s/ Margaret A. Harris</u>