UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Tina Lewallen, | § | Civil Action No. 1:05CV0733 |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| The City of Beaumont, | § | |
| Defendant. | § | **A Jury Is Demanded** |

### Joint Proposed Jury Instructions[1]

Plaintiff Tina Lewallen and Defendant City of Beaumont file this set of proposed jury instructions as a convenience to the Court, and do not waive the right to later modify or request modification of these proposed admonitory instructions, questions, definitions, and instructions as may be appropriate under subsequent Court rulings, the controlling law, and the evidence admitted at trial.

### The Logistics of Trying to Prepare A Joint Submission

Counsel for the plaintiff received the City's proposed jury instructions mid-afternoon on Monday, August 18, 2008. She and her associate reviewed those proposals that evening and compared them to the plaintiff's draft proposals. The next day, her associate, Mr. Harris, blended the two sets of proposed instructions and noted the plaintiff's objections to the City's proposed instructions. Late that afternoon, Mr. Harris sent this blended document to counsel for the City and requested his comments on the language proposed by the plaintiff. Thereafter, Mr. Harris attempted to reach Mr. Sanders by email, and left voice messages for him.

---

[1] Portions of the proposal the plaintiff wants excluded appear in **bold.** Portions which the plaintiff seeks to have added are put in *italics*.

On Friday, August 22, counsel for the City stated that the plaintiff was untimely in filing the document with the Court and then commented that he "believe[d] the information is late." The undersigned counsel has attempted over the weekend to confer with Mr. Sanders, but he has yet to provide any input to the portions of this Joint Proposed Pretrial Order inserted by the plaintiff. To provide the Court with at least some version of proposed Jury Instructions, the plaintiff files the document as it now appears.

Respectfully submitted,
BUTLER & HARRIS

/s/ Margaret A. Harris
Margaret A. Harris*
State Bar No. 09081400
Katherine L. Butler
State Bar No. 03526300
1007 Heights Boulevard
Houston, Texas  77008
(713) 526-5677
Fax (713) 526-5691
* Attorney in charge for Tina Lewallen

Thomas A. Peterson
State Bar No. 15842900
595 Orleans, Suite 1111
Beaumont, Texas 77701
(409)838-6144
(409)838-4421 Facsimile

With input as noted from:

Joseph Sanders*
Sr. Assistant City Attorney
Legal Department, City of Beaumont
P.O. Box 3827
Beaumont, Texas  77704-3827
(409) 880-3715
(409) 880-3121 (fax)
       *Attorney in Charge for the Defendant

**Certificate of Service**

I certify that a true and correct copy of this document has been served counsel for the City, Joseph Sanders, who is a registered user of the Court's electronic filing system in that the plaintiff is filing this document by electronic filing with the U.S. District Court for the Eastern District of Texas.

/s/ Margaret A. Harris
Margaret A. Harris

**General Charge to the Jury**

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some

1

important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a

2

preponderance of all the evidence, both direct and circumstantial. *Discrimination, if it exists, is a fact which is rarely admitted, but is a fact which you may infer from the existence of other facts.*[2]

*Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.*[3]

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will

---

[2] Source: *Lakeway Land Co. v. Kizer*, 796 S.W.2d 820, 825 (Tex.App.–Austin 1990, writ denied), also approved in *Adams v. Valley Federal Credit Union*, 848 S.W.2d 182, 187 (Tex.App.–Corpus Christi 1992, writ denied).

[3] Source: Fifth Circuit Pattern Jury Charge 1.1

always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

You must consider only the evidence properly admitted in this case.  Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; any deposition testimony of witnesses that was admitted into evidence; all exhibits received in evidence, regardless of who may have produced them; and all facts that have been admitted stipulated.  You must entirely disregard any evidence that a party objected to if I sustained that objection and any evidence that was ordered stricken by the Court. It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

During the course of the trial it often becomes the duty of counsel to make objections and for the Court to rule on them in accordance with the law.  You should not consider or be influenced by the fact that such objections have been made, whether they were sustained or overruled.

4

Do not let bias, prejudice or sympathy play any part in your deliberations.  **A municipal corporation and all other persons** / *Tina Lewallen and the City of Beaumont* are equal before the law and must be treated as equals in a court of justice.

**In this case, the Plaintiff must prove every essential part of her claim by a preponderance of the evidence.[4]**

**A preponderance of the evidence simply means evidence that persuades you that the Plaintiff's claim is more likely true than not true.**

**If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.**

You may now retire to the jury room to conduct your deliberations.

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____     _____

Date                    U.S. District Court Judge Heartfield


Authority**:** Fifth Circuit PJC, 3 Edward J. Devitt, et al, Federal Jury Practice and Instructions

**DEFENDANT'S PROPOSED INSTRUCTION NO. 2[5]**

---

[4]  The plaintiff objects to these two paragraphs only because they are redundant.

[5] The plaintiff objects because this instruction is redundant. She further objects because the repetition of the phrase "preponderance of the evidence" puts unnecessary weight and emphasis on the term.

In a civil case such as this one, the Plaintiff has the burden of proving every essential element of her claim by a "preponderance of the evidence."

A preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining any fact in issue you may consider the testimony of all of the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a Plaintiff's claim by the preponderance of the evidence, you should find for the Defendants as to that claim.

Authority: U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions, Civil Cases, p. 24; 3 Edward J. Devitt et al, Federal Jury Practice and Instructions, pp 116-17.

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____

U.S. District Court Judge Heartfield

6

## DEFENDANT'S PROPOSED INSTRUCTION NO. 3[6]

**Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.**

Authority: 3 Edward J. Devitt, et al, Federal Jury Practice and Instructions, §72.04.

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
U.S. District Court Judge Heartfield

_____

[6] **The plaintiff objects because this instruction is confusing and irrelevant.  he plaintiff further objects that this instructions improperly bolsters the City's case in that the City did not provide factual information in support of most of the challenged decisions. This would improperly tell the jury that it should give the benefit of the doubt to the City.**

7

*Plaintiff's Proposed Instruction 1*
*Section 1983 - Gender Discrimination*

The Plaintiff claims that the City of Beaumont discriminated against her on the basis of gender by denying her a position as a detective. This claim is brought under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, which confers a right on public employees to be free from gender discrimination. Cities can be sued for monetary damages under Section 1983 for violations of the Equal Protection clause.

A city is liable for violations of the Equal Protection clause when its actions were carried out pursuant to a governmental custom, policy or practice, though it is not automatically responsible for isolated unconstitutional acts of its employees.

*Source:*       *Davis v. Passman*, 442 U.S. 228, 234-35, 99 S.Ct. 2264, 2271 (1979).


GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____          _____
Date          U.S. District Court Judge Heartfield

8

*Plaintiff's Proposed Instruction 2*

In order to prove her claim under the Equal Protection clause and hold the City liable, the plaintiff must prove two things by a preponderance of the evidence.

First, she must prove the City acted under color of state law. This point has been conceded by the City.

Second, she must prove the City had a custom, policy or practice that discriminated against her because of her sex.

In a Section 1983 case, the policy or custom a plaintiff complains about does not have to be explicitly contained in an adopted rule or regulation.  The policy or custom need not have been formally approved through the City's official decision-making channels.  When the discriminatory practices of city officials and employees are persistent and widespread, they are so permanent and well-settled that they become a custom or policy that fairly represents municipal policy for Section 1983 purposes.  This is true even if the custom or practice being challenged is inconsistent with any published policy of the City.


*Source:*       *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691 (1978); *St. Louis v. Praprotnik,* 485 U.S. 112, 130 (1988) (plurality); *Richardson v. Oldham,* 12 F.3d 1373, 1381-82 (5th Cir. 1994); *Sorlucco v. NYPD,* 971 F.2d 864 (2nd Cir. 1992); *Wetzel v. Hoffman,* 928 F.2d 376, 378 (11th Cir. 1991); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*), *cert. denied,* 472 U.S. 1016 (1985).


GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____          _____

Date                    U.S. District Court Judge Heartfield

*Plaintiff's Proposed Instruction 3*
*Texas Labor Code, Chapter 21 - Gender Discrimination*

The Plaintiff also claims that the City's action of denying her a position as a detective represents gender discrimination that violates the Texas Labor Code.

The Texas Labor Code makes it unlawful for an employer to discriminate against an employee with respect to compensation or the terms, conditions, or privileges of employment because of sex. This prohibition against discrimination is designed to secure for persons in this state freedom from discrimination in employment in order to protect their personal dignity and to make available to the state the full productive capacities of persons in this state.

*Source:*     Tex.Lab.Code § 21.001, *et seq.* (Vernon 1996)(TCHRA).

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____     _____
Date                       U.S. District Court Judge Heartfield

10

*Plaintiff's Proposed Instruction 4*

*In order to prove her claim under the Texas Labor Code, the plaintiff must prove, by a preponderance of the evidence, that the City did not grant her a position as a detective because of her gender. The plaintiff does not have to prove that unlawful discrimination was the only reason the City did not grant her a position as a detective. If you disbelieve the reason(s) the City has given for its decision, you may infer the City did not grant the plaintiff a position as a detective because of her gender.*

*Source:*      Fifth Circuit Pattern Jury Instruction 11.5.1; TCHRA is expressly intended to implement policies of Title VII. Tex. Lab. Code § 21.001(1); *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991). Because one of the purposes behind TCHRA is the "correlation of state law with federal law in the area of discrimination in employment," federal case law interpreting Title VII serves as a guide for interpretation of cases brought under TCHRA. Comments to Texas Pattern Jury Charge 107.6, citing *Schroeder*, 813 S.W.2d at 485; see also *Specialty Retailers, Inc. V, DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996)(per curiam).

GIVEN\_\_\_\_\_           GIVEN AS MODIFIED_____           REFUSED_____

_____           _____
Date                      U.S. District Court Judge Heartfield

11

## DEFENDANT'S PROPOSED INSTRUCTION NO. 4

In order to establish her gender discrimination claim against the City of Beaumont, Plaintiff has the burden of proving that the City of Beaumont's actions were the result of intentional discrimination because of her gender.  The burden of proof remains at all times with Plaintiff.  **To establish discrimination, Plaintiff has the burden of proving that she has superior qualifications in relation to the applicants for lateral assignment to the Beaumont Police Department Criminal Investigation Division.  This requires that her qualifications must clearly show that she was more qualified for the lateral assignment than any of the other applicants chosen in November, 2003, for the position.**[7]


GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____          _____
Date                        U.S. District Court Judge Heartfield

Authority: Odom v. Frank, 3 F.3d 839, 846 (5th Cir. 1993); Price v. Federal Express Corp., 283 F.3d 715, 723 (5th Cir. 2002)(citation omitted).


---

[7] **The plaintiff objects. This misstates the law, because proof of superior qualifications is only one of the ways to prove discrimination, not the only one,  and it misstates the facts because this was not a lateral assignment.**

*Plaintiff's Proposed Instruction 5*

*Typically, the person with authority over the employment decision is the one who executes the action against the employee.  However, that is not necessarily the case.  If plaintiff can demonstrate that someone else had influence or leverage over the official decision-maker, it is proper to impute that person's discriminatory attitude to the official decision-maker.  Thus, if the formal decision-maker acted as the conduit of another employee's prejudice - his/her cat's paw - the innocence of the decision-maker would not spare defendant from liability.*

*Source:  Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226-27 (5th Cir. 2000).

GIVEN_____                GIVEN AS MODIFIED_____                REFUSED_____


_____        _____
Date                U.S. District Court Judge Heartfield

13

**DEFENDANT'S PROPOSED INSTRUCTION NO. 5[8]**

The burden of proof remains on the Plaintiff throughout the case, and she must prove by a preponderance of the evidence that the Defendant intentionally acted with discriminatory motive.

[]

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
U.S. District Court Judge Heartfield


Authority:  <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 510 (1993).

---

[8] **The plaintiff objects that this instruction is redundant. Its repetitiveness improperly bolsters the City's argument.**

14

**DEFENDANT'S PROPOSED INSTRUCTION NO. 6[9]**

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  You may make deductions and reach conclusions that reason and commonsense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary if, after considering all the other evidence, you believe that single witness.

There are two types of evidence you may consider.  One is direct evidence – such as testimony of an eyewitness.  The other is indirect or circumstantial evidence – the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts.  The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

[]

GIVEN_____                    GIVEN AS MODIFIED_____              REFUSED_____

_____
U.S. District Court Judge Heartfield

Authority:  Fifth Circuit PJC 2006 - 2.18.

---

[9] **The plaintiff objects to the redundancy of this instruction.**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 7**[10]
**The Plaintiff's subjective belief of discrimination, however genuine, cannot be the basis of judicial relief.**

[

GIVEN_____               GIVEN AS MODIFIED_____               REFUSED_____

_____
U.S. District Court Judge Heartfield

Authority:  Deman v. Cerliano, 193 Fed. App. 375 (5th Cir. [Tex.] 2006); EEOC v. La. Office of Cmty. Servs., 47 F.3d 1438, 1448 (5th Cir. 1995).

_____

[10] **The plaintiff objects because this instruction wrongly implies to the jury that evidence from the plaintiff should be ignored, which is a misstatement of the law.  As the pattern jury charge provides, evidence from one person is adequate to prove any fact.]**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 8[11]**
     **You, as a jury, are not here simply to second guess the Defendant's employment decision as to which candidate was best qualified or best suited for the job.  Therefore, disparities in qualifications are not enough in and of themselves to demonstrate discriminatory intent unless those disparities are of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the Plaintiff for the job in question.**

GIVEN_____         GIVEN AS MODIFIED_____         REFUSED_____

_____
         U.S. District Court Judge Heartfield


Authority:  <u>Deines v. Texas Department of Protective and Regulatory Services</u>, 164 F.3d 277, 280, 281 (5th Cir. 1999).


**DEFENDANT'S PROPOSED INSTRUCTION NO. 9[12]**
     **Refusing an employee's request for a purely lateral transfer does not qualify as an adverse employment decision.**

[
GIVEN_____         GIVEN AS MODIFIED_____         REFUSED_____

_____
         U.S. District Court Judge Heartfield


Authority:  <u>Burger v. Cent. Apartment Mgmt., Inc.</u>, 168 F.3d 875, 879 (5th Cir. 1999).

---

[11] **The plaintiff objects to this instruction because it is confusing, improperly bolsters the City's argument and misstates the law. This is not a case where the only evidence of discriminatory intent is disparity in qualifications.**

[12] **The plaintiff objects because this is a conclusion of law.  She further objects that the instruction is confusing and irrelevant because this case does not argue that a "lateral transfer" per se is an adverse employment action.**

17

**DEFENDANT'S PROPOSED INSTRUCTION NO.  10**[13]
**Adverse employment actions are discharges, demotions, refusals to hire, refusals to promote, and reprimands.**


GIVEN_____            GIVEN AS MODIFIED_____            REFUSED_____


_____
U.S. District Court Judge Heartfield

Authority:  Breaux v. City of Garland, 205 F.3d 150, 157 (5th Cir. 2000).

---

[13] **The plaintiff objects because this is a conclusion of law and because it misstates the law.**
*Alvarado v. Texas Rangers,* **492 F.3d 605 (5th Cir. 2007)**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 11**[14]

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in this case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

[]

GIVEN_____                    GIVEN AS MODIFIED_____                    REFUSED_____

_____
U.S. District Court Judge Heartfield

Authority: 3 Edward J. Devitt, et al, Federal Jury Practice and Instructions, §73.11.

_____

[14] **The plaintiff objects because this is confusing and because it appears the defendant is improperly using this instruction as an end-around the Federal Rules of Civil Procedure. Apparently recognizing its failure to properly disclose witnesses and its failure to preserve evidence, the City is attempting to use this instruction as a band-aid for those prior mistakes.**

19

*Plaintiff's Proposed Instruction No. 6*
*Spoliation:*

     *If a party fails to produce evidence, including documents, which is or was under the party's control and reasonably available to such party, and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.*

*Source*: *John Deere & Co. v. May*, 773 S.W.2d 369 (Tex. App. - Waco 1989, writ denied); *Birney v. County of Cromwell Bd of Edu,* 243 F.3d. 93, 107-110 (2nd Cir. 2001); *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir. 2005)

GIVEN\_\_\_\_\_      GIVEN AS MODIFIED_____      REFUSED_____


_____     _____
Date          U.S. District Court Judge Heartfield

20

*Plaintiff's Proposed Instruction No. 7*

*Evidence that an employer's stated reason for an employment action is false is ordinarily sufficient to permit you to find that the employer was actually motivated by gender discrimination.*

*Source*:   *Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 481-82 (Tex. 2001), citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 147 L.Ed.2d 105 (2000); *see also Ratliff v. City of Gainesville*, 256 F.3d 355, 359 (5th Cir. 2001) (holding the district court erred when it failed to give the following inference instruction:  "If the Plaintiff disproves the reasons offered by Defendant by a preponderance of the evidence, you may presume that the employer was motivated by [gender] discrimination.")

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
U.S. District Court Judge Heartfield

21

**DEFENDANT'S PROPOSED INSTRUCTION NO. 12**[15]

The employer's burden is only one of production, not persuasion, and involves no credibility assessment.  If the employer meets its burden of production, the Plaintiff bears the ultimate burden of proving that the employer's proffered reason is not true, but instead is a pretext for the real discriminatory purpose.  To carry this burden, the Plaintiff must rebut each nondiscriminatory reason articulated by the employer.


GIVEN_____                   GIVEN AS MODIFIED_____                   REFUSED_____


_____
U.S. District Court Judge Heartfield

Authority:  <u>McCoy v. City of Shreveport</u>, 492 F.3d 551, 557 (5th Cir. [La.] 2007).

---

[15] **The plaintiff objects because this instruction is confusing and irrelevant.  Further, this instruction misstates the law.  It is confusing to instruct the jury on pretext because it is part of the McDonnell-Douglas burden shifting apparatus, a system designed to help judges evaluate cases – particularly when assessing the evidence for the purpose of ruling on a dispositive motion.**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 13**[16]

A Defendant's failure to follow its own policy is not probative of discriminatory animus in the absence of proof that the Plaintiff was treated differently than other employees because provisions of the Texas Labor Code or the Fourteenth Amendment prohibiting discrimination by an employer do not protect employees from arbitrary employment practices of the employer, only their discriminatory impact.

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
U.S. District Court Judge Heartfield

Authority:  Turner v. Baylor Richardson Medical Center, 476 F.3d 337, 346 (5th Cir. [Tex.] 2007).

_____

[16] **The plaintiff objects because this instruction is bolstering and it assumes facts not in evidence. It is also an incorrect statement of law.  A failure to follow policy can be probative of discrimination. *Moss v Tx Dept of Crim Justice*, 2006 U.S. App. LEXIS 16820 (5th Cir. 2006)(unpublished); *Coburn v Rockwell Automation, Inc.*, 2007 U.S. App. LEXIS 16632 (6th Cir. 2007)**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 14[17]**

You are instructed that, during all times relevant to this lawsuit, a labor agreement existed between the Beaumont Police Officers Association and the City of Beaumont as provided by Texas Local Government Code Chapter 174, The Police and Fire Employee Relations Act.  You are further instructed that an agreement pursuant to that Act is binding and enforceable against a public employer, an association, and a firefighter or police officer covered by the agreement.

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
U.S. District Court Judge Heartfield


Authority:  Tex. Local Gov. Code §174.109.

_____

[17] **The plaintiff objects because this instruction is confusing and irrelevant**

24

### DEFENDANT'S PROPOSED INSTRUCTION NO. 15.[18]

**You are instructed that pursuant to the labor agreement between the Beaumont Police Officers Association and the City of Beaumont, it was agreed that the bargaining unit, covered by the terms of the agreement, shall consist of all full-time police officers, sergeants, lieutenants and captains employed in uniform and plain clothed forces of the Department.**

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
U.S. District Court Judge Heartfield

Authority:  Tex. Local Gov. Code §§174,005, 174.102, 174.109.

---

[18] **The plaintiff objects because this instruction is confusing and irrelevant.**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 16**[19]
     **You are instructed that Texas Local Government Code Chapter 174, The Police and Fire Employee Relations Act, preempts all contrary local ordinances, executive orders, legislation or rules adopted by the state or by a political subdivision or agent of the state, including a personnel board, civil service commission or home-rule municipality**.


GIVEN_____          GIVEN AS MODIFIED_____         REFUSED_____


_____
        U.S. District Court Judge Heartfield

Authority: Tex. Local Govt. Code §174.005.

---

[19] **The plaintiff objects because this instruction is confusing and irrelevant**.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 17[20]**

You are instructed that a person claiming to be aggrieved by an unlawful employment  practice may file a complaint with the Texas Workforce Commission Civil Rights Division.  The complaint must:

1. Be in writing and made under oath.

2. The complainant must state that an unlawful employment practice has been committed; the facts on which the complaint is based, including the date, place, and circumstances of the alleged unlawful employment practice; and facts sufficient to enable the commission to identify the respondent.

A complaint filed must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred.

GIVEN_____                    GIVEN AS MODIFIED_____                    REFUSED_____

_____
U.S. District Court Judge Heartfield

Authority: Tex. Labor Code §§21.201 and 21.202.

---

[20] **The plaintiff objects because this instruction is irrelevant and confusing. It also misstates the law because the plaintiff has a claim under the Equal Protection Clause of the 14th Amendment and no administrative prerequisites apply to such a complaint.**

27

**DEFENDANT'S PROPOSED INSTRUCTION NO. 18[21]**

The Defendant asserts as a defense the statute of limitations.  A statute of limitations is a law that provides that a suit is barred if a Plaintiff does not bring her claim within a prescribed period of time.  The time period within which the suit must be brought begins when the Plaintiff first knew, or by the exercise of reasonable care, should have known that she had been discriminated against.

The applicable statute of limitations period for a discrimination claim pursuant to Texas Labor Code §21.202 is within 180 days of the alleged gender discrimination.

The Defendant has the burden of proving, by a preponderance of the evidence, the statute of limitations defense.


GIVEN_____            GIVEN AS MODIFIED_____            REFUSED_____


_____
U.S. District Court Judge Heartfield

Authority: Tex. Labor Code §21.202.

---

[21] **The plaintiff objects because this instruction is irrelevant and misstates the law in two regards. First, the 180-day requirement pertains to each individual act of discrimination because the statute of limitations is a legal question.  Further, the plaintiff objects that this instruction is confusing and an incorrect statement of the law because this case includes a claim under the Equal Protection Clause of the 14th Amendment.**

28

**DEFENDANT'S PROPOSED INSTRUCTION NO. 19**

A discriminatory act occurs on the day that it happened. **[The plaintiff is willing to stipulate to that.]**

**A party, therefore, must file a charge within 180 days of the date of the act or lose the ability to recover for it.**


**The plaintiff objects to this portion of the instruction because it would be confusing to the jury and a misstatement of the law in that it could only apply to the plaintiff's claim under Texas law.]**

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
U.S. District Court Judge Heartfield

Authority: National R.R. Passenger Corp. v. Morgan, 122 S.Ct. 2061, 2070 (2002); Tex. Labor Code §21.202.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 20
**Discreet discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.**


**[The plaintiff objects because this instruction is confusing and represents a conclusion of law.  It is also redundant of previous instructions.  Further, the plaintiff objects that there is a typographical error in the instruction.]**

GIVEN_____              GIVEN AS MODIFIED_____              REFUSED_____


_____
U.S. District Court Judge Heartfield

Authority: Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

30

## DEFENDANT'S PROPOSED INSTRUCTION NO. 21

**The Plaintiff claims that the Defendant, while acting "under color of state law," intentionally deprived the Plaintiff of rights under the 14th Amendment of the Constitution of the United States.**

**[The plaintiff objects because this instruction is redundant. See Plaintiff's Proposed Instruction No. 1.]**

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
U.S. District Court Judge Heartfield

31

### DEFENDANT'S PROPOSED INSTRUCTION NO. 22

**A person may sue for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.**

**[The plaintiff objects to this instruction as redundant. See Plaintiff's Proposed Instruction No. 1.]**

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
U.S. District Court Judge Heartfield

32

## DEFENDANT'S PROPOSED INSTRUCTION NO. 23

      The Plaintiff claims that the City of Beaumont, a municipality, is liable for alleged constitutional deprivations under the Fourteenth Amendment.  A city is liable for the deprivation of a constitutional right if the deprivation was pursuant to governmental custom, policy, ordinance, regulation or decision.  Therefore, if you find that the Plaintiff was intentionally injured as the proximate or legal result of a City of Beaumont's policy, custom, ordinance, regulation or decision, whether made by its lawmakers or by those officials whose edicts or acts may fairly be said to represent official policy, the City itself will be responsible.

      [The plaintiff objects that this instruction is redundant. The plaintiff also objects that the instruction will confuse the jury because the plaintiff does not allege a theory of liability that requires proof of a discriminatory decision by a "policymaker." The remaining portion of the instruction would be incomplete. The plaintiff's proposed instruction no. 2 on pgs. 11-12 is more comprehensive, more concise, and more appropriate to the facts and allegations in this case.]

GIVEN_____               GIVEN AS MODIFIED_____               REFUSED_____

_____
U.S. District Court Judge Heartfield

Authority: Fifth Circuit PJC 2006.

33

**DEFENDANT'S PROPOSED INSTRUCTION NO. 24**

The Defendant asserts as a defense the statute of limitations.  A statute of limitations is a law that provides that a suit is barred if a Plaintiff does not bring it within a prescribed period of time.  The time period within which the suit must be brought begins when the Plaintiff first knew, or by the exercise of reasonable care, should have known that she had been discriminated against.

The applicable statute of limitations period for a Fourteenth Amendment claim is within two years of the alleged gender discrimination.

The Defendant has the burden of proving, by a preponderance of the evidence, the statute of limitations defense.

[The plaintiff objects because this instruction is irrelevant and because the statute of limitations is a legal question.  Further, the plaintiff objects that this instruction is confusing and an incorrect statement of the law. This language could very well cause the jury to believe that Tina Lewallen should have filed her EEOC charge when she first saw that she was a victim of gender discrimination. But, each non-selection for a position in CID was a new event that triggered her right to file a charge.]

GIVEN_____              GIVEN AS MODIFIED_____              REFUSED_____

_____
U.S. District Court Judge Heartfield

Authority: Civil Practice & Remedies Code §16.03(A).

34

**DEFENDANT'S PROPOSED INSTRUCTION NO. 25**

A "pattern or practice" of discrimination does not consist of "isolated or sporadic discriminatory acts by the employer."

The Plaintiff must establish by a preponderance of evidence that sex/gender discrimination is the City of Beaumont's **standard operating procedure – the regular, rather than the unusual, practice.**

[The plaintiff objects to only portions of this instruction because it is confusing, redundant, and a misstatement of the law. According to this instruction, the plaintiff is wrongly obligated to prove more than the existence of a custom, policy, or practice. She is also required to prove that sex discrimination is standard operating procedure.  In truth, the plaintiff can succeed by proving the existence of such a practice, formal or informal, that is widespread enough to fairly represent municipal policy. The phrase "standard operating procedure" suggests a degree of formality and open acceptance that is not required under the law. Further, this instruction is confusing because it introduces yet another phrase ("standard operating procedure") while leaving out "custom, policy, or practice."]

GIVEN_____              GIVEN AS MODIFIED_____              REFUSED_____

_____
U.S. District Court Judge Heartfield

Authority:  Wyvill v. United Companies Life Ins. Co., 212 F.3d 296, 302 (5th Cir. [La.] 2000).

35

## DEFENDANT'S PROPOSED INSTRUCTION NO. 26

A Plaintiff must substantiate her claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision.  Hence, the Plaintiff's assertion of pretext must be supported by more than mere self-serving, subjective, or speculative allegations; a Plaintiff must prove sufficiently specific, substantive reasons for her claim of pretext.

[The plaintiff objects because this instruction misstates the law.  *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133 (2000).  It is also confusing and improper bolstering. The plaintiff also objects because instructions like this that deal with shifting burdens are improper and confusing to the jury, especially in a case like this that deals with custom, policy or practice.]

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
U.S. District Court Judge Heartfield



Authority:  Mills v. City of Port Arthur, Texas, 2006 W.L. 3531460 (E.D.Tex.).

36

### DEFENDANT'S PROPOSED INSTRUCTION NO. 27

**A Plaintiff, in establishing pretext, must show that the nondiscriminatory reason articulated by the Defendant was not only false, but that she was, in fact, intentionally discriminated against because of her gender.  This burden rests with Plaintiff at all times.**

**[The plaintiff objects because this is a misstatement of the law.  *Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133 (2000).  Further, instructions like this that deal with shifting burdens are improper and confusing.]**

GIVEN_____              GIVEN AS MODIFIED_____              REFUSED_____

_____
U.S. District Court Judge Heartfield

_____Authority:  St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509, 519 (1993); Ridley v. Kimberly-Clark Corp., 2003 W.L. 1825628 (E.D. Texas).

37

**DEFENDANT'S PROPOSED INSTRUCTION NO. 28**

      **The mere fact that an employer uses subjective criteria is not, however, sufficient evidence of pretext.**

      **[The plaintiff objects because this instruction misstates the law.  If the subjective criteria was that the successful applicant had to be male, then surely the defendant would be liable. The plaintiff further objects because instructions like this that deal with shifting burdens are improper and confusing. The plaintiff also objects because this instruction merely serves to improperly bolster the Defendant's claims.]**

GIVEN_____          GIVEN AS MODIFIED_____         REFUSED_____

_____
            U.S. District Court Judge Heartfield

      Authority: <u>Manning v. Chevron Chemical Co., LLC</u>, 332 F.3d 874, 882 (5th Cir. [Tex.] 2003).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 29**
**Showing that two candidates are similarly qualified does not establish pretext.**

**[The plaintiff objects that this is instruction is irrelevant under the facts of this case. The plaintiff further objects because instructions like this that deal with shifting burdens are improper and confusing. The plaintiff also objects because this instruction merely serves to bolster the defendant's claims.]**

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
U.S. District Court Judge Heartfield




Authority: <u>Price v. Federal Express Corp.</u>, 283 F.3d 715, 723 (5th Cir. 2002).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 30**
**A statement by an intermediate level official is not an indication of discrimination when the ultimate employment decision is made by an upper level official.**

**[The plaintiff objects because this instruction is irrelevant under the facts and allegations in this case. After all, the plaintiff is not alleging a form of municipal liability that requires a discriminatory decision from a "policymaker." The plaintiff also objects that this instruction misstates the law. See Plaintiff's Proposed Instruction No. 5.]**

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
U.S. District Court Judge Heartfield

Authority: <u>Brown v. CSC Logic, Inc.</u>, 82 F.3d 651 (5th Cir. 1996); <u>Anderson v. City of Allen</u>, 2007 WL 3036220 (E.D. Texas 2007).

40

**DEFENDANT'S PROPOSED INSTRUCTION NO. 31**

You are instructed that any finding or determination of the Equal Employment Opportunity Commission that discrimination occurred or that it could not find sufficient evidence of discrimination is not dispositive of whether discrimination occurred.

You are further instructed that the findings and determinations of the Equal Employment Opportunity Commission are, therefore, not binding on the trier of fact. You may, but are not required to, accept the findings in the Equal Employment Opportunity Commission report. The report does not relieve you of your obligation to review all the evidence in the case and to make your decision based on the facts as you determine them.

[The plaintiff objects that this instruction assumes facts not in evidence. There is no finding from the EEOC in this case. Further, the conclusion of an administrative body on the basis of very limited evidence and no credibility determinations should not be shared with the jury – it would confuse and mislead them and cause the plaintiff unfair prejudiec.]

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
U.S. District Court Judge Heartfield

Authority:  Price v. Rosiek Const. Co., 509 F.3d 704, 708 (5th Cir. [Tex.] 2007).

41

**DEFENDANT'S PROPOSED INSTRUCTION NO. 32**

If the Plaintiff has proven her claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled.  You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case.  It is your task first to decide whether the Defendant is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
U.S. District Court Judge Heartfield




Authority: Fifth Circuit PJC 2006 - 15.1.

42

*Plaintiff's Proposed Instruction No.8*
*Damages*

*If the plaintiff proves her claims against the City of Beaumont, you must determine the damages to which she is entitled.*

*You may award the plaintiff damages to compensate her for the actual damages she has proved by a preponderance of the evidence to be a result of the City's conduct in violation of the Equal Protection Clause and the Texas Labor Code.*

*If you decide to award compensatory damages, you should be guided by dispassionate commonsense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.*

*Economic Damages:*

*You should consider the following elements of damages: (1) lost use of an unmarked police vehicle; (2) lost use of a department-furnished cell phone; (3)...*

*The amount of economic damages is determined by calculating the amount of money the plaintiff did not receive because of the defendant's discrimination. The plaintiff is not required to prove with unrealistic precision her economic damages. Any ambiguities in determining what she would have been paid should be resolved against the City. You may not award economic damages for any period after the date of your verdict.*

*Compensatory Damages:*

*The plaintiff has alleged that, as a result of the City's unlawful actions, she has suffered emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. The plaintiff has the burden of proving these compensatory damages. If the plaintiff does not establish that it was because of the City's conduct that she has experienced emotional pain, suffering, inconvenience, mental anguish, and/or loss of enjoyment of life, then she cannot recover for these compensatory damages.*

*If you determine that the plaintiff has proven that, as a result of the City's unlawful action, she has experienced emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, or that she will suffer such injuries in the future, then you may award her damages for those injuries.*

*No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing compensation to be awarded for these elements of damages. The damages that you award must be fair compensation -- no more and no less.*

43

When considering the amount of monetary damages to which the plaintiff may be entitled, you should consider the nature, character, and seriousness of any pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life she felt.  You must also consider its extent or duration, as any award you  make must cover the damages endured by the plaintiff since the wrongdoing, to the present time, and even into the future if you find as fact that the evidence presented justifies the conclusion that her emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

**Source**:   *Fifth Circuit Pattern Jury Instructions 15.2-15.4.*

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____

U.S. District Court Judge Heartfield

44

### DEFENDANT'S PROPOSED INSTRUCTION NO. 33

In this case, Plaintiff is seeking money damages.  It is Plaintiff's burden to prove by a preponderance of the evidence that she actually suffered damages and that such damages were **directly** caused by Defendant.


**The plaintiff objects to the word "directly" because it is confusing**.]


GIVEN_____                    GIVEN AS MODIFIED_____                    REFUSED_____


_____
U.S. District Court Judge Heartfield


Authority: <u>Patterson v. PHP Healthcare Corp.</u>, 90 F.3d 927, 939 (5th Cir. 1996).


45

## DEFENDANT'S PROPOSED INSTRUCTION NO. 34

**Compensatory damages for emotional distress and other intangible injuries are not presumed from the mere violation of constitutional or statutory rights, but require specific individualized proof, including how the Plaintiff was personally affected by the discriminatory conduct and the nature and extent of the harm.**

**[The plaintiff objects because this instruction is redundant.]**

GIVEN_____            GIVEN AS MODIFIED_____            REFUSED_____

_____
U.S. District Court Judge Heartfield


Authority:  <u>Decorte, et al v. Jordan</u>, 497 F.3d 433, 442 (5th Cir. 2007).

46

**DEFENDANT'S PROPOSED INSTRUCTION NO. 35**
**Emotional harm will not be presumed simply because the Plaintiff is a victim of discrimination.  To demonstrate an actual "specific discernable" injury, "[t]he existence, nature, and severity of emotional harm" must be proved.**

**[The plaintiff objects that this instruction is redundant and confusing.]**

GIVEN_____              GIVEN AS MODIFIED_____              REFUSED_____

_____
U.S. District Court Judge Heartfield

Authority: <u>Patterson v. PHP Healthcare Corp.</u>, 90 F.3d 927, 939 (5th Cir. 1996).

47

## DEFENDANT'S PROPOSED INSTRUCTION NO. 36

You must not award Plaintiff more damages than are adequate to compensate for the **infringement**.  Nor shall you include any additional amount for the purpose of punishing Defendant or setting an example.  **You must not consider Plaintiff's allegations of willfulness in considering damages or take into account any evidence relating to those allegations. Consideration of willfulness is entirely separate from the question of damages.  You may not increase damages because you find willfulness or decrease damages because you did not find willfulness.**  Nor may you include damages that are speculative, damages that are **only possible** or damages that are based on guesswork.

[**The plaintiff objects to only specific portions of this proposed charge. This is not a case in which willfulness is an issue. The term "infringement" has not been defined and would be confusing to the jury.** ]

GIVEN_____                    GIVEN AS MODIFIED_____                    REFUSED_____


_____
U.S. District Court Judge Heartfield


Authority: Fifth Circuit PJC 2006 - 9.11.

48

## DEFENDANT'S PROPOSED INSTRUCTION NO. 37

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate – to avoid or minimize those damages.

If you find the Defendant is liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which she could have avoided through reasonable effort.  If you find by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages which she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing her damages.  An injured Plaintiff may not sit idly by when presented with the opportunity to reduce her damages.  However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.  The Defendant has the burden of proving the damages which the Plaintiff could have mitigated.  In deciding whether to reduce the Plaintiff's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied her burden of proving the Plaintiff's conduct was not reasonable.

[The plaintiff objects that this instruction is irrelevant and confusing.  Mitigation is not an issue in this case.]

GIVEN_____            GIVEN AS MODIFIED_____            REFUSED_____
_____
U.S. District Court Judge Heartfield


Authority: Fifth Circuit PJC 2006 - 15.1.

49

### DEFENDANT'S PROPOSED INSTRUCTION NO. 38

If you find that the Defendant is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the Plaintiff whole – that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less.  Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate commonsense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

[The plaintiff objects to the redundancy of this instruction. See Plaintiff's Proposed Instruction No. 8.]

GIVEN_____              GIVEN AS MODIFIED_____              REFUSED_____


_____
U.S. District Court Judge Heartfield

Authority: Fifth Circuit PJC 2006 - 15.2.

50

**DEFENDANT'S PROPOSED INSTRUCTION NO. 39**

You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indicated in any way that I believe that the Plaintiff should, or should not, win this case.

[The plaintiff objects because this instruction is redundant. See Defendant's Proposed Instruction No. 32.]

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
U.S. District Court Judge Heartfield


Authority: Fifth Circuit PJC 2006 - 2.22.

51

**DEFENDANT'S PROPOSED INSTRUCTION NO. 40**

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form.  Return this charge together with your written answers to the questions.  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.


[The plaintiff objects that this instruction is redundant. See General Charge to the jury.]


GIVEN_____              GIVEN AS MODIFIED_____              REFUSED_____

_____
U.S. District Court Judge Heartfield


Authority: Fifth Circuit PJC 2006 - 2.12.

52

*Plaintiff's Proposed Interrogatory No. 1*
*Gender Discrimination Under the Equal Protection Clause*

*Was Tina Lewallen discriminated against because of her gender due to a custom, policy or practice of the City of Beaumont?*

*Source:*     *Texas Pattern Jury Charges 107.6; Tex. Lab. Code 21.051(1) and 21.125(a)*

Approved _____     Disapproved _____     As Modified _____

_____
JUDGE PRESIDING

*Answer the following Interrogatory if you answered "Yes" to Interrogatory No. 1.  Otherwise, do not answer the following Interrogatory but instead go to Interrogatory No. 3.*

53

*Plaintiff's Proposed Interrogatory No. 2*
*Damages Under the Equal Protection Clause*

*What sum of money, if paid now in cash, would fairly and reasonably compensate the plaintiff for her damages, if any, that resulted from the City's custom, policy or practice that led to the discrimination Tina Lewallen suffered?*

*a. Economic Damages and Employment Benefits*

*"Economic damage" is the amount the plaintiff lost because of the City's unlawful conduct under the Equal Protection clause.*

*Answer:          $_____*


*b. Compensatory damages in the past.*

*Answer:          $_____*

*c. Compensatory damages in the future.*

*Answer:          $_____*

*Source: Texas Pattern Jury Charges 107.8 and 110.30, as modified by Fifth Circuit Pattern Jury Instructions.*

Approved _____     Disapproved _____     As Modified _____


*Go to Interrogatory No. 3.*

*Plaintiff's Proposed Interrogatory No. 3*
*Gender Discrimination Under the Texas Labor Code*

Did the City of Beaumont discriminate against Tina Lewallen because of her gender by denying her any one or more of the positions for which she applied on or after November 3, 2003?

*Source:*     *Texas Pattern Jury Charges 107.6; Tex. Lab. Code 21.051(1) and 21.125(a)*

Approved _____     Disapproved _____     As Modified _____


_____
JUDGE PRESIDING

*Answer the following Interrogatory if you answered "Yes" to Interrogatory No. 3. Otherwise, do not answer the following Interrogatory.*

55

*Plaintiff's Proposed Interrogatory No. 4*
*Damages Under the Texas Labor Code*

*What sum of money, if paid now in cash, would fairly and reasonably compensate the plaintiff for her damages, if any, that resulted from the conduct you found in answer to Interrogatory No. 3?*

*a. Economic Damages and Employment Benefits*

*"Economic damage" is the amount the plaintiff lost because of the City's unlawful conduct under the Equal Protection clause.*

*Answer:        $_____*

*b. Compensatory damages in the past.*

*Answer:        $_____*

*c.        Compensatory damages in the future.*

*Answer:        $_____*

*Source: Texas Pattern Jury Charges 107.8 and 110.30, as modified by Fifth Circuit Pattern Jury Instructions.*

Approved _____        Disapproved _____        As Modified _____


_____
                  JUDGE PRESIDING