UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Tina Lewallen, | § | Civil Action No. 1:05CV0733 |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| The City of Beaumont, | § | |
| Defendant. | § | **A Jury Is Demanded** |

### Plaintiff's Motion for Reconsideration
### of Her Motion to Limit Testimony

The plaintiff respectfully asks that the Court reconsider its August 29th order (Dkt. 144) denying her motion to limit testimony as sanctions for failure to cooperate in discovery (Dkt 80).[1] Trial by ambush is dead wrong.

### The City Has Spoken – And its Testimony Has Never Changed

The City's attempt to name hundreds of witnesses after the discovery cut-off shows just why Rule 30(b)(6) exists. Ten depositions are normally allowed in a case. Here, the City apparently suggests that hundreds would be necessary to ferret out its position. Rule 30(b)(6) says otherwise. The Rules provide a mechanism whereby a plaintiff can notice the deposition of the City and obtain the City's position without going bankrupt.

The plaintiff followed this course and took the deposition of the City on November 12-13, 2007. The 30(b)(6) deposition topic at issue was crystal clear. Because the plaintiff was rejected for a detective's position on 10 different occasions before finally succeeding, she notified the City that she wanted testimony about each of those selections. The defendant presented one person and one person only on this topic, Assistant Chief Weldon Dunlap. It did

---

[1] The plaintiff still relies upon the legal authority and record evidence in her motion to limit testimony (Dkt. 80).

not designate a single other human being to provide the requested testimony. When asked, in fact, Dunlap testified that no one at the Beaumont Police Department would have more knowledge than he did about these particular decisions. (Ex. A – Transcript of 30(b)(6) Deposition [Weldon Dunlap] at 8.  The plaintiff had a right to rely on his testimony as being the City's position.

When asked directly about the reason for each of these decisions, however, Dunlap repeatedly admitted that his knowledge was limited to the documents the lawyer showed him and that, based on those documents, he could find no objective basis for eight of these ten decisions. For example,

> Q.  Aside from your recollection of having told your lieutenants that they need to abide by the law, do you have any evidence that tells us – that tells us that that particular decision was not influenced by subjective racism, sexism, whatever?
>
> A.  Not to my knowledge.

(Ex. A – at 57).[2]

Neither Dunlap nor the City ever stated that any given individual – Scofield or anyone else – had more knowledge than he about these decisions. And, at no point has the City designated Scofield for this 30(b)(6) topic – even to this day. Nor has the City sought to supplement its 30(b)(6) testimony – other than by trying to insert hundreds of potential witnesses into the case after the close of discovery. The testimony above is – to this day – the City's testimony; it should not be permitted to change that testimony either immediately prior to – or during the trial of this case.

---

[2] The testimony Dunlap provided as to eight of these positions is set forth in the original motion. Dkt 80 at 6-15, though the position described as "September 2000" Property Crimes was misidentified and is actually September 2002 Property Crimes.

A defendant whose 30(b)(6) representative presents such damning testimony has a duty to take action if it believes the testimony was erroneous. The City could have, but did not, advise the plaintiff that it realized it had designated the wrong person and designate other individual(s) to serve as its representative(s). And it certainly never offered to pay additional expenses incurred due to its error. At the bare minimum, the City could have, but did not, reveal the identity of the person(s) with more knowledge than that possessed by Chief Dunlap. The City sat on its hands.

### The City's Disregard for the Discovery Rules is Flagrant

Allowing the City to present witnesses to "clarify," "correct," "supplement," or alter or change in any way the testimony given in the 30(b)(6) deposition would do violence to the purpose and spirit of the federal rules in general[3] and Rule 30(b)(6) in particular. The discovery rules, including Rule 30(b)(6), after all, are designed "to enable 'the parties to obtain the fullest possible knowledge of the issues and facts before trial.'" *Schwarzkopf Technologies Corporation v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 422 (D.Del. 1992) (*quoting Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385 (1947)). "[W]hen a party does not fully prepare for its Rule 30(b)(6) deposition, the other parties are severely prejudiced and the orderly scheduling of a case for discovery and trial is severely disrupted." *United States v. Taylor*, 166 F.R.D. 367, 368 (M.D.N.C. 1996).

The City may not now hide behind the argument that its designated representative – Chief Dunlap – lacked personal knowledge of these decisions. First, a Rule 30(b)(6) deponent is

---

[3] Rule 1 provides that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

not required to have "first-hand knowledge and involvement in the underlying transaction."

*Securities and Exchange Commission v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992); *accord,*

*Ierardi v. Lorillard, Inc.*, 1991 WL 158911, 1991 U.S. Dist. LEXIS 11887 (E.D.Pa. August 13,

1991). The court in the *Ierardi* case explained the rule as follows:

> [A]n individual employee's lack of personal knowledge is irrelevant: the organization must provide a witness to 'testify as to matters known or reasonably available to the organization.' Fed.R.Civ.P. 30(b)(6).
>
> If none of defendant's current employees has sufficient knowledge to provide plaintiffs with the requested information, defendant is obligated to 'prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation.'

1991 WL 158911 at 1 (M.D. N.C. 1989) (quoting *Marker v. Union Fidelity Life Insurance*

*Company*, 125 F.R.D. 121, 126 (citations omitted).

Second, and more importantly, the City's representative testified under oath that he was the individual with the most knowledge of each of the topics listed in the 30(b)(6) notice. Ex. A at 8-9. The plaintiff, rightfully and understandably, relied upon this testimony. And, the City has never once repudiated Dunlap's testimony, or designated any other individual(s) to be its representative(s) to provide the desired information.

### Sanctions for the City's Failure to Comply with Its Obligations under Rule 30(b)(6)

The authorized sanctions for the City's conduct include "such orders in regard to the failure as are just," Rule 37(b)(2), and include *but are not limited to* the sanctions set out in Rule 37(b)(2)(A), (B), and (C). In this case, the appropriate sanction is to hold the City to its words – that the City does not know whether the particular job selections were influenced by sexism.

This is precisely what Dunlap testified and the City has never said that he was wrong or that his testimony needed to be changed.

As shown in the plaintiff's original motion, other courts have imposed similar sanctions under Rule 37(d) for a party's violation of Rule 30(b)(6). Further authority is provided by *Evans v. State of Connecticut*, 967 F.Supp. 673, 677-79 (D. Conn. 1997) (granting motion in limine, prohibiting defendant from introducing at trial facts underlying its calculation of benefits and back pay where it failed to provide these facts at its 30(b)(6) deposition); *cf. Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62 (D. P.R. 1981) (requiring payment of fees and expenses for failure to designate a knowledgeable Rule 30(b)(6) deponent).

## Conclusion

Rule 37 sanctions "must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2781 (1976). Because of the City's violation of its duties under Rule 30(b)(6), Lewallen is entitled to an order prohibiting it from introducing the testimony of any other individual(s) on matters about which it was unable or unwilling to testify during its deposition. She thus respectfully asks the Court to reconsider its order denying the relief (Dkt. 144) requested in her motion to limit testimony. She further requests oral argument on the matter of limiting the evidence the City may offer that exceeds or contradicts the 30(b)(6) testimony and other information provided during the discovery phase of this case.

Respectfully submitted,

 /s/ Margaret A. Harris
Margaret A. Harris*

        State Bar No. 09081400
        1007 Heights Boulevard
        Houston, Texas  77008
        (713) 526-5677
        (713) 526-5691 Fax

        *Attorney in charge for the plaintiff

        Thomas A. Peterson
        State Bar No. 15842900
        595 Orleans, Suite 1111
        Beaumont, Texas 77701
        (409) 838-6144
        (409) 838-4421 Facsimile

## Certificate of Service

    I certify that a true and correct copy of this document has been served upon Joseph Sanders, on this day, August 30, 2008, because he is a registered user of the Court's electronic filing system and this document is being filed by electronic filing with the U.S. District Court for the Eastern District of Texas.

        /s/ Margaret A. Harris