**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **TINA LEWALLEN,** | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:05CV0733 |
| | § | |
| **THE CITY OF BEAUMONT,** | § | |
| Defendant | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL
MEMO OF LAW REGARDING THE ADMISSIBILITY OF EVIDENCE
OF OTHER INCIDENTS OF GENDER DISCRIMINATION**

The Defendant's Objections to the Plaintiff's Proposed Exhibits, as well as its Motions in Limine, are clearly supported by established principles of law. The Plaintiff is seeking to present exhibits and elicit testimony that would unfairly prejudice the Defendant, confuse the issues, cause undue delay, be a waste of time, and would distract the jury from the real issues at trial.

**Pattern and Practice**

The efforts of the Plaintiff to offer testimony or exhibits regarding other incidents of alleged gender discrimination in the Beaumont Police Department is the Plaintiff's attempt to establish "pattern and practice" regarding discrimination. The Plaintiff is clearly unable to establish that gender discrimination existed in regard to the Plaintiff's failure to obtain what she deems a "promotion" to the Special Investigation (Juvenile) assignment alleged in her EEOC Complaint. That failure also forms the basis for her claim under the provisions of Texas Labor Code §21.051 and is also the basis for her 14th Amendment Claim.

The 5th Circuit has repeatedly addressed the issue of "pattern and practice." The "pattern and practice" method of proof is available only for class action employment discrimination claims. Celestine v. Petroleos de Venezuela, 266 F.3d 343, 355-56, C.A.5 (La. 2001); Frank v. Xerox Corp., 347 F.3d 130, 136, C.A.5 (Tex. 2003), rehearing denied (Dec. 23, 2003); Vrzalik v. Potter, 2008 W.L. 2139529 (U.S.Dist. Ct., N.D.Tex., Dallas Division), 2008.

**Charge of Discrimination**

An individual who wishes to file a discrimination complaint must file it with the Texas Workforce Commission, Civil Rights Division, within 180 days after the date the alleged unlawful employment practice occurred. V.T.C.A. Labor Code §21.202. The Plaintiff is thus limited to alleging violations which occurred 180 days prior to December 17, 2003, i.e. between June 20 and December 17, 2003.

On November 3, 2005, the Plaintiff raised, for the first time, a cause of action claim that the Defendant's conduct violated the Equal Protection Clause of the 14th Amendment to the United States Constitution. As a vehicle for this claim, she cites to 42 U.S.C. §1983.

Congress has not set a statute of limitations on suits arising under §1983 and, accordingly, the courts will borrow the applicable state limitations statute. The limitations period guarantees the protection of the civil rights laws to those who promptly assert their rights, yet protects employers from the burden of defending claims arising from employment decisions that are long past. Perez v. Laredo Jr. College, 706 F.2d 731, 733 (5th Cir. 1983). The applicable Texas statute setting the limitations period at two (2) years is Civil Practice and Remedies Code §16.003. This statute provides that a person must

bring suit for the claim not later than two (2) years from the date the cause of action accrues.

In addition, one is expected to act as soon as the facts of discrimination are or should be apparent to a reasonably prudent person similarly situated. <u>Frank v. Xerox Corp.</u>, 347 at 136.

Accordingly, the only possible claim on behalf of the Plaintiff would be the November 12, 2003, selection of Officer Lance Tiner to fill the assignment in the Special Crimes Unit rather than the Plaintiff.

## Comparator Evidence/Similarly Situated

In the Plaintiff's Charge of Discrimination to the Texas Commission on Human Rights, she states, "The most recent promotion was for a position as a juvenile detective in the Criminal Intelligence Division (CID)." That is the only "employee action" identified in the Charge of Discrimination and which falls within the limitations period for both the claim under the Texas Labor Code and the 14th Amendment. Accordingly, it is the position of the Defendant that any comparator evidence must relate directly to her claim of a denial of a promotion to a juvenile detective in November, 2003.

The Plaintiff, however, seeks to introduce exhibits and testimonial evidence unrelated to that "promotional denial." The exhibits and testimony she seeks to enter include, but are not limited to:

1.   Item No. 5 on Plaintiff's Exhibit List identified as Report to Chief Dunlap on Gender Discrimination within BPD (with attachments) 9/23/93.

This exhibit purports to be prepared by Melissa Ownby in 1993, <u>a period over two (2) years prior to the Plaintiff's employment with the Beaumont Police Department.</u> The

purported investigation occurred ten (10) years prior to the date of the Plaintiff's EEOC claim and twelve (12) years prior to her filing of a complaint in Federal Court. The "investigation" also occurred over four (4) years prior to the labor contract establishing the incentive pay for specialists and providing for assignment of specialists to the Criminal Investigation Division. Clearly, this fails to meet the standards for either comparative evidence or similarly situated evidence.

2.  Plaintiff's Exhibit No. 6, Investigative File re: M. Ownby's Gender Discrimination Complaint Against Chief Dunlap (1999).

This occurred over four (4) years prior to the application for what the Plaintiff deems a "promotion," the subject of this suit. The documents and testimony related thereto would have no relation to the Plaintiff's claim of gender discrimination related to her application for "promotion" in that the parties are dissimilar, the circumstances of the complaint (objection to an evaluation) are completely dissimilar, and occurred prior to the Plaintiff's qualifying for specialist incentive pay.

3.  Plaintiff's Exhibits 3 and 4 and testimony related thereto, other than documents or testimony relating to the Special Crimes opening in October/November, 2003, relate to assignments in the Criminal Investigation Division where the Plaintiff either did not apply or were for positions other than in the Special Crimes Unit.

On December 13, 2007, the Defendant received Plaintiff's Responses and Objections to Defendant's Third Discovery Requests (attached hereto as Exhibit A). On pages 2-5, the Plaintiff identified ten (10) positions. Only two (2) of those positions, the 11/2003 Special Crimes and the 12/2003 Property Crimes positions, occurred during the statute of limitations openings pursuant to the Texas Labor Code and the 14th Amendment

claims. The 12/2003 Property Crimes position was filled by another female. The 8/2001 and 9/2002 JCNTF positions were positions with the Jefferson County Narcotics Task Force and the applications were open to any Grade I police officer, not just officers receiving the specialist incentive. The interviews were conducted by officers from the Beaumont Police Department and the Jefferson County Sheriff's Office. The Task Force is organized under the Jefferson County Sheriff's Office.

The 8/2001 Narcotics position, the 8/2002 Street Crimes position, and the 5/2003 Family Violence position were all open to any Grade I police officer and not restricted to Grade I police officers receiving specialist incentive.

Of the three (3) Property Crimes positions noted in Exhibit A, two (2) of those positions (10/2002 and 12/2003) were filled by female officers. The 8/2002 Property Crimes position and the 11/2003 Special Crimes position were the <u>only</u> two (2) positions restricted to Grade I officers receiving specialist incentive (which included the Plaintiff) that were filled by male police officers who were receiving the specialist incentive.

To be used as "comparators" and to satisfy the "similarly situated" requirement, the positions which the Plaintiff seeks to use as comparators and the testimony related thereto (Plaintiff's Exhibits 3 and 4) must be more than similar; they must be nearly identical. <u>Thomas v. Brazos County, Texas</u>, 2007 W.L. 4223433 (S.D. Tex.) 2007, <u>Perez v. Tex. Dept. of Criminal Justice</u>, 395 F.3d 206, 213 (5th Cir. 2004). Moreover, alleged comparator employees must have been similarly situated from the prospective of their employer at the time of the relevant employment decision and the comparator employee's position in the organization, i.e. job title, duties, supervisor, should be roughly the same. <u>Thomas v.</u>

Brazos County, Texas; Mooney v. Aramco Services Co., 54 F.3d 1207, 1221-22 (5th Cir. (Tex) 1995).

The positions in the Jefferson County Narcotics Task Force, the Narcotics Unit, the Street Crimes Unit, the Property Crimes Unit, the Family Violence Unit, and the Special Crimes all are different dealing with different responsibilities, different supervisors, different capabilities, different functions, etc. Individuals interviewed for the positions were interviewed initially by different interview boards. Different questions would naturally be asked for the different positions. Some of the positions were open to any Grade I police officer. Others were restricted to Grade I police officers receiving specialist incentive, thereby creating different "pools" of officers. Accordingly, the different positions could not qualify as "comparators" and testimony or exhibits related thereto would be different than the position for Special Crimes which was the subject of the Plaintiff's EEOC Complaint. Employees with different responsibilities, different supervisors, different capabilities, different work rules or different disciplinary records are not considered to be "nearly identical." Evans v. Texas Dept. of Transportation, 547 F.Supp.2d 626 E.D.Texas, affirmed 273 Fed.Appx. 391 (C.A. 5 Tex.) 2008.

## Discretion in Excluding Evidence

The U.S. Supreme Court decision in Mendelsohn v. Sprint, 128 S.Ct. 1140 (2008), reversed a U.S. 10th Circuit opinion and returned the issue as to admission of introduction of testimony or evidence relating to "alleged discrimination" which may be relative to the claim in a case to the district court. The court, in effect, determined that testimony by non-parties alleging discrimination is "neither per say admissible nor per say inadmissible." It is the position of the Defendant in this case that that principle also applies to testimony or

evidence of applications for positions by the Plaintiff other than the position which is the subject of the litigation (the "denial of a promotion" in the Juvenile Division of the Criminal Intelligence Division).

The 5th Circuit in Goldsmith v. U.S. Dept. of Agricultural Forest Services, 155 Fed.Appx. 1940 (C.A. 5 Miss.) 2005, determined that the district court did not abuse its discretion in excluding evidence of nine (9) previous occasions on which an employee was not promoted or laterally transferred during an employee's Title VII action against employer alleging retaliation for filing a racial discrimination complaint. The court determined that since probative value of the evidence was substantially outweighed by danger of unfair prejudice, confusion of issues, undue delay, and waste of time in presentation of only marginally relevant evidence, the district court could have determined that the evidence should be excluded.

### **Names/Events**

The Plaintiff filed her federal claim naming as defendant the City of Beaumont. In her cause of action she failed to identify any employee or official of the City of Beaumont who discriminated against her. She failed to identify any employee of the City of Beaumont who she claims was the victim of gender discrimination other than Trina Warden, who interviewed for the same "position" as a "juvenile detective" in November, 2003. The Plaintiff is now seeking to introduce testimony and evidence related to individuals or events that were not properly pled, not similarly situated to the Plaintiff, and which are not relevant to the issue of the alleged gender discrimination occurring in November, 2003.

The Plaintiff's portion of the Joint Final Pre-Trial Order also fails to identify any individuals by name who were subjected to gender discrimination other than Trina Warden (McPike) and the Plaintiff.

## Conclusion

The Defendant reurges its objections to evidence proposed by the Plaintiff and any testimony related thereto as set forth in its Objections and Motions in Limine. To allow testimony or evidence related to claims or allegations of gender discrimination other than the specific claim set forth by the Plaintiff in her EEOC Charge of Discrimination or claims, testimony, or evidence related to events outside the "statute of limitations," would introduce the danger of unfair prejudice, confusion of issues, undue delay, and waste of time.

Respectfully submitted,

**THE CITY OF BEAUMONT, TEXAS**
P. O. Box 3827
Beaumont, Texas   77704
(409)880-3715 (office)
(409)880-3121 (telefax)

/s/ Dean J. Johnson
_____
Dean J. Johnson
State Bar No. 10705100

/s/ Joseph P. Sanders
_____
Joseph P. Sanders
First Assistant City Attorney
State Bar No. 17595250

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been transmitted to the following counsel of record on October 27, 2008, by the following method:

    \_\_\_\_\_U.S. Postal Service
    \_\_\_\_\_Certified Mail, Return Receipt Requested
    \_\_\_\_\_Hand-Delivery
    \_\_\_\_\_Federal Express
    \_\_\_\_\_Facsimile
    __X__ Electronic Notice

Margaret A. Harris
BUTLER & HARRIS
1007 Heights Blvd.
Houston, Texas 77008

                                                  /s/ Dean J. Johnson

                                                Dean J. Johnson