UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Tina Lewallen, | § | Civil Action No. 1:05CV0733 |
|         Plaintiff, | § | |
| vs. | § | |
| | § | |
| The City of Beaumont, | § | |
|         Defendant. | § | **A Jury Is Demanded** |

**Plaintiff's Reply to Defendant's Response to Plaintiff's Supplemental Memo of Law Regarding the Admissibility of Evidence of Other Incidents of Gender Discrimination**

The City misrepresents both the law and the legal theories in this case. As is clear from a review of the Joint Pretrial Order, the plaintiff does not seek any instruction on "pattern and practice." But, she does have the right to show that the discriminatory treatment she suffered was not an isolated event at the Beaumont Police Department. As previously demonstrated, this right is available under both legal theories – the claim that the defendant violated her right to equal protection under the U.S. Constitution, which is brought under § 1983, and the simple disparate treatment claim under state law.

The defendant's argument is remarkably similar to that another employer recently presented to the U.S. Supreme Court – which the Court rejected in its unanimous opinion. *Mendelsohn v. Sprint*, 128 S.Ct. 1140 (2008). While the plaintiff's claim in that case did not require proof that her former employer had a custom, policy or practice of discrimination, the Court still found error in the district court's exclusion of evidence regarding other instances of discrimination – even when the victim worked for another business unit and/or another supervisor. The City here wants this Court to make the same erroneous decision that the Supreme Court has already – unanimously – rejected. Actually, the City wants this Court to go further than did the district court in *Mendelsohn* – and exclude evidence of discrimination (and

the concomitant desire to ignore that problem) by the very same individuals whose conduct is at issue in this case.

### The Evidence of the City's Non-Response to Evidence of Widespread Gender Discrimination Against Female Police Officers in 1993

At the request of then-Assistant Chief Frank Coffin (the individual who is now the Chief of Police), Captain Melissa Ownby surveyed the 29 female police officers then employed by the Department regarding their experiences with sexual harassment and/or other forms of gender discrimination. In response, Capt. Ownby heard from 14 female officers that they had experienced such behavior. Several other female officers equivocated – making statements such as, "At this time I have no complaint I wish to file." The remainder denied having had any such experiences.

Capt. Ownby packaged the information she gathered, copies of the statements she received, and her summary of that evidence, and gave it to Chief Coffin. But, at the direction of Chief Scofield, the City of Beaumont did nothing, absolutely nothing with the information Capt. Ownby had so painstaking assembled.

Chief Coffin and former Chief of Police Thomas Scofield were the individuals who failed to take any action about this widespread problem of gender discrimination in 1993. They are the same individuals who actions (and inactions) are at issue in this case. The evidence is admissible under FRE 404(b) and pursuant to the recent unanimous decision in *Mendelsohn*. The evidence is even more probative of discrimination than the evidence improperly excluded by the district court in *Mendelsohn* because, after all, it involves the same decision makers.

The plaintiff has already notified the City's counsel that she is not offering the written report into evidence as an exhibit. The report is quite lengthy and the plaintiff does not wish to

unduly focus the jury's attention on the details of the experiences other female officers reported to the command staff. Nor does the plaintiff intend, during cross-examination, to go into the nitty gritty details of each and every incident that was brought to command staff's attention. While an overview of the report's contents and specifics regarding a couple of discrete instances are worth describing through the testimony of the witnesses, the main point is that Chiefs Scofield and Coffin were given notice of a widespread problem – and chose to do nothing. The information in that report is thus offered, not for the truth of the matters asserted therein, but to show the City's notice of a widespread gender discrimination problem – and its failure to act.

Management's decision to ignore this evidence sent a very clear signal to the perpetrators of the discrimination – that they were free to do as they wished. And it sent a signal to the female officers too – put up with whatever comes your way, or leave. A complaint, after all, will get you nowhere. Not surprisingly, this attitude continued into the next decade, when it prevented the plaintiff from obtaining a position as a detective.

### The Evidence of Dunlap's Discrimination Against Captain Ownby, and the Non-Response Thereto by the Police Chief, the HR Department, and the City Manager

Captain Ownby herself filed a formal complaint of gender discrimination in 1999 as a result of the conduct of then-Assistant Chief (now Deputy Chief) Weldon Dunlap – and the inaction of Chief Scofield. Her report, and her testimony, pertain to the motive and intent of Chiefs Dunlap and Scofield, and the knowledge of Chief Scofield and the City of Beaumont. Indeed, it demonstrates Chief Scofield's fear of Chief Dunlap, thus tending to prove that Chief Dunlap was really in charge of the Department. And, it was Chief Dunlap who later commanded the Criminal Investigations Division – where Lewallen was repeatedly denied positions as a

detective – and where lesser-qualified male officers were instead selected for these prestigious positions.

Chiefs Dunlap and Scofield are the same individuals whose conduct (or failure to act) is at issue in this case.

Capt. Ownby's report also shows that, when she was unable to get satisfaction from the Police Department, she took her formal complaint to the City's Human Resources Department. This is the same route the plaintiff took, although the City now argues that it was improper for her to go to the HR Department. And the report shows how little the City did in response to Capt. Ownby's complaint.

The report and the testimony regarding the actions (and inactions) of Chiefs Dunlap and Scofield and those of the HR Department and City Manager are admissible under FRE 404(b) (intent, motive, knowledge) and pursuant to the recent unanimous decision in *Mendelsohn*. The evidence is even more probative of discrimination than the evidence improperly excluded by the district court in *Mendelsohn* because, after all, it involves the same decision makers.

**The Evidence of Gender Discrimination in Other Selections for Detective Positions**

As previously briefed, the plaintiff's evidence is not circumscribed by the narrowest of windows the City urges upon the Court. She is entitled to put the decisions rejecting her applications for two specific positions in late 2003 (decisions within the actionable time period) into perspective. And, just like the first two categories of evidence discussed in this memo, this evidence involves the same decision maker in this case – Chief Dunlap. In some of the previously-denied promotions, the same lieutenant sat on the interview board – Lt. Patrick O'Quinn. This evidence is not vague – as was that proffered by the plaintiff in *Evans v. Texas*

*Dep't of Transportation*, 547 F.Supp.2d 626 (E.D. Tex. 2007). This evidence shows that the plaintiff was more qualified than a number of men selected over her – and that there was a practice of excluding qualified women from positions that existed before Lewallen was denied the positions in Special Crimes and the Narcotics Task Force in late 2003.

The evidence is admissible under FRE 404(b) and pursuant to the recent unanimous decision in *Mendelsohn*. The evidence is even more probative of discrimination than the evidence improperly excluded by the district court in *Mendelsohn* because, after all, it involves the same decision makers.

### The City's Case Law – What Little It Offers, Is Not on Point

The plaintiff respectfully asks the Court to deny the City's motion in limine, in addition to its objections to her exhibits, and particularly as to evidence that will be presented by other witnesses about other instances of gender discrimination at the Beaumont Police Department.

The City has no legal authority – because none exists – to support its argument that she has to plead the specific evidentiary details of her case. Dkt. 157 at 7 ("Names/Events"). Federal Rule of Civil Procedure 8(a)(2) requires only notice pleading. The plaintiff's Complaint far exceeds the level of detail required by that rule.

While the City's response to the *Mendelsohn* decision is to discuss matters pertinent to class action litigation, the plaintiff does not make any class allegations. That is obvious. It is equally obvious that she seeks to prove (a) that the City denied her two distinct detective positions in late 2003 because of her gender; and, under the U.S. Constitution, (b) that this denial was pursuant to a custom, policy or practice of the City's Police Department. *See* Joint Pretrial Order, Dkt. 102 at 2, 5; Proposed Jury Instructions, Dkt. 136 at 9, 53.

The City seeks to preemptively and completely exclude evidence of other discrimination by the central figures of this case. However, since the cases relied upon by the City to exclude that evidence predate *Mendelsohn*, their statements regarding evidence of other instances of discrimination are drawn into question and lose their persuasive value. The *Mendelsohn* decision made it clear that there is no *per se* rule excluding evidence of other discrimination based on degrees of similarity.

Beyond that, the cases relied upon by the City are factually distinguishable in an important way: they concern terminations resulting from workplace misconduct. *See e.g. Perez v. TDCJ*, 395 F. 3d 206, 213 (discussing the "nearly identical" standard only as it applies in misconduct cases); *Thomas v. Brazos County*, 2007 WL 4223433, *7 (S.D. Tex. Nov. 29, 2007) (misconduct case). Detective Lewallen's case, however, is a failure to promote case. The only failure to promote case cited by the City is *Goldsmith v. US. Dept. of Agriculture,* 155 Fed. Appx. 140 (5th Cir. 2005). The facts of *Goldsmith* are a far cry from Lewallen's case. Goldsmith's only evidence regarding previous promotional decisions was that she did not get the job over a long period of time. *Id*. at 143. In contrast, Lewallen is prepared to show much, much more, including gender biased comments made in the course of interviewing, and a history of gender bias in the decision makers. And, as to other positions denied to more qualified female police officers, the plaintiff's evidence will reveal that the only rational explanation for some of these decisions is gender discrimination.

**Conclusion**

The plaintiff respectfully asks the Court to deny the City's motion in limine, in addition to its objections to her exhibits, and particularly as to evidence that will be presented by other witnesses about other instances of gender discrimination at the Beaumont Police Department.

Respectfully submitted,

BUTLER & HARRIS

   /s/ Margaret A. Harris
Margaret A. Harris
State Bar No. 09081400
1007 Heights Boulevard
Houston, Texas  77008
(713) 526-5677
(713) 526-5691 (fax)
Margie@butlerharris.com

*Attorney in charge for the plaintiff

Thomas A. Peterson
State Bar No. 15842900
595 Orleans, Suite 1111
Beaumont, Texas 77701
(409) 838-6144
(409) 838-4421 Facsimile

**Certificate of Service**

I certify that a true and correct copy of this document has been served upon Joseph Sanders, who is a registered user of the Court's electronic filing system because this document is being filed today, October 30, 2008, by electronic filing with the U.S. District Court for the Eastern District of Texas.

/s/ Margaret A. Harris